JOHN PLANKINHORN *against* JAMES CAVE.

On a motion to the court to set aside an execution, parol evidence to vary and contra-
dict a deed, shall not be received in evidence, any more than on a trial by jury.

*Ex parte* affidavit of an insolvent debtor refused in evidence, on such motion.

Acceptance of negotiable instruments on account of a prior debt, must be taken *prima
facia* to be in satisfaction of that debt, unless the contrary be proved.

THE plaintiff had entered up a judgment against the defendant
for 18,400 dollars, on an obligation, conditioned for the payment of
9,200 dollars, on the several days and times indorsed thereon.
This indorsement was signed by both parties, and expressed that
the obligation was taken as a security for the payment of two notes
due from the defendant to the plaintiff for                      $2482 33
payable 11th August 1796 ;—two other notes for              5413  5
payable 7th September 1796 ;—and a sum about              1300 00
                                                                          ─────────
not finally ascertained on the 20th September 1796.       $9195 38

The obligation was dated on the 26th July preceding. In pur-
suance of the warrant annexed thereto, this judgment was con-
fessed, and a *fieri facias* had issued to September term 1796. A
motion was made to set aside the execution, it being alleged that
the first instalment had been fully paid. The *fi. fa.* had been exe-
cuted on the 27th August 1796.

The plaintiff offered to prove by John Hallowell, esq. that it was
verbally agreed on between the parties, when the bond was given,
that an execution might issue for protecting the whole sum. On
this point the counsel cited 2 Cha. Cas. 180. Fitzgib. 213, 214.
Harvey *v.* Harvey, where three successive chancellors decreed on
the parol proof of a single witness, against a deed of settlement.
Dall. 424. Thompson's and wife's lessee *v.* White. 2 Dall. 171,
173. Field *v.* Biddle, and M'Meen *v.* Owen, the two last whereof
were chiefly relied on.

It was insisted for the defendant, that the doctrine contended for
would be productive of perjury and uncertainty, and would super-
sede the use of all written instruments. No agreement by parol
can dispense with an obligation. Espin. 221. Cro. El. 697. He
also cited Cowp. 47. 2 Bla. Rep. 958. 3 Burr. 1370.

M'Kean, C. J. The evidence offered cannot be received. It
goes in direct opposition to the deed, and materially varies and con-
tradicts it. The case of Thompson *v.* White was that of a fraud,
and an exception to the general rule.

Shippen, J. The case of Harvey *v.* Harvey was under very pecu-
liar circumstances. On that authority Hurst's lessee *v.* Kirkbride
et al. was determined, on the ground of a plain mistake.

Yeates, J. The parol evidence is offered, to show that the bond shall be construed differently from the plain import of the condition and indorsement, and cannot be admitted on this motion, any more than on a trial by jury. 2 H. Bla. 524. In Field v. Biddle, the agreement did not specify the intention of the parties as to the bond, in case Oxley and Hancock did not send in their ratification of the agreement within six months, and the oral testimony came in aid of the true interpretation of the contract, and did not tend to contradict it. In M'Meen v. Owen, it was wholly doubtful what species of money was the object of the contract. The cases therefore, are materially distinguishable from the present.

Smith, J. The inclination of my mind, under the circumstances of the case, is that the parol evidence should be admitted.

The counsel for the defendant, then offered his affidavit to the court, (which had been the ground of the motion and rule obtained thereon,) to show that the first instalment had been fully paid.

On exception taken thereto, it appeared that the defendant had been discharged by the insolvent act, and had since left the state.

*Per cur.* If the defendant had been present to have submitted to a cross-examination, he might have been sworn; because having been discharged under the acts of insolvency, it is of no moment to him, whether the demands of the plaintiff or his other creditors are lessened, by the event of the present application. His future property in either case is subjected to his debts. But the objection, that the affidavit has been *ex parte*, is decisive, and it must be overruled.

It was then shown, that a number of notes and inland bills, amounting to 2779 dollars, drawn in August 1796, on several days, payable at 60 and 90 days, had been indorsed by the defendant to the plaintiff, and by him had been discounted at the banks; which transactions it was urged, amounted to so many payments applicable to the first instalment. It lay on the plaintiff to show, that any of the notes or bills had been dishonored; and also to prove that he had given due notice to the indorser thereof, on failure whereof he could not recur to him.

The plaintiff's counsel contended, that from the defendant's having given his bond and judgment, he must have been considered as in

tottering circumstances, and it must be presumed, that the creditor would insist on collateral security. Whether this negotiable paper was received as mere security, or as payment,—and whether for the first, second, or third instalments does not appear. But it must be observed, that none of these notes or bills thus indorsed, fell due, until after the last money became payable. If these indorsements suspend the operation of the bond, they will destroy the plaintiff's security by postponing his payments, which never could have been his intention. Where one has several securities for his debt, he may use them all, and pursue all his remedies at once, if he gets but one payment. Doug. 401. A creditor accepting a security of inferior or equal degree to his original demand, does not thereby extinguish the first debt. This has been long settled. 2 Bac. 452. 1 Burr. 9. The present case cannot be compared to Watts v. Willing. 2 Dall. 100. There the plaintiff having claimed 20 per cent. damages on a foreign bill of exchange drawn by colonel Byrd, was held to be an election, and that the bill should be credited as a payment on the prior bond, wherein the defendant had become surety. Vid. 2 Dall. 134, Ingraham v. Gibbs. Ib. 136, Shinkhouse v. Gibbs. In Lewis v. Manly in error, this court held, that the note given by Lewis to Hollingsworth was not an extinguishment *pro tanto*, of the original demand. It is true, the court there went partly on the ground of the transaction being fraudulent.

The payer of money has a right to direct to what purpose his payment shall be applied. 2 Vern. 606. But if he does not thus appoint, the receiver may do it. Espin. 228. 2 Stra. 1194. The defendant not having made the appropriation, the plaintiff may apply the payments to the second and third instalments.

*E contrà* it was urged for the defendant, that the true intention of the parties must govern, if it can be ascertained. If it cannot be reduced to certainty, the court will consider probabilities and what would be the natural mode of payment; as in the case of money paid generally, it shall be applied to discharge of a debt carrying interest, rather than of an account. 1 Vern. 24, 34. It will be readily acknowledged, that a person in embarrassed circumstances does not usually make provision for distant debts, passing over those of an immediate pressure; and yet such must be supposed to be the defendant's conduct, if his indorsements were intended to be credited in the two last instalments.

A note indorsed in blank, is considered as payable to the bearer, and a note thus payable is like so much money paid to

whomsoever the note is given. 3 Burr. 1524. Drawing a bill on a correspondent, who accepts it, is a payment, because it makes him debtor to another person, who may bring his action. 10 Mod. 37. A note accepted for rent, or a bond, is held a payment. 1 Vern. 473. If in payment of a debt, the creditor is content to take a bill or note payable at a future day, he cannot legally commence an action on his original debt, until such bill or note becomes payable. Aliter if such bill or note is of no value; for there the creditor may resort to his original demand. Espin. Ni. Pri. 5, 6. This court asserted the same doctrine in a late case at the sittings, (King v. Reed and Forde,) that a note accepted for a prior debt, postponed the day of payment. The notes and bills do not operate as an extinguishment of the original demand but as payment. The acceptance of a note is not at all events an extinguishment of the debt precedent, but the acceptance of a negotiable instrument for and on account of a debt, must be taken prima facie to be in satisfaction of that debt, unless it appeared that the note still remained unpaid in the possession of the party, without any laches by them. Said by Bailey arguendo, and agreed to by the court. 5 Term Rep. 515. The drawing of the bills or endorsing of notes is an appropriation of the money to the holder thereof. 3 Term Rep. 182. 4 Term Rep. 342.

When the counsel had closed their remarks it appeared by inspection of the plaintiff's books of account, that part of the indorsements had actually been credited "on account of defendant's notes due and unpaid," on the 20th August 1796.

By the court.    Independent of this entry, we must have presumed, that these notes and bills were indorsed to the plaintiff by the defendant, in discharge of the first instalment, in the common and regular course of business, there being no proof to the contrary. But the entry we have seen, removes all doubt. These indorsements are prima facie evidence of payments, for if the notes or bills have been paid, (5 Term. Rep. 516,) or if they had been indorsed over, so that they are not forth-coming again to the defendant, and he may be sued upon them by any third person, that will amount to payment, and the burthen of the proof lies on the plaintiff at present. It appears, the first instalment has been fully paid. Rule to set aside the execution, made absolute.

Messrs. Rawle and Hallowell, pro quer.
Messrs. Ingersoll and J. B. M'Kean, pro def.