ALBANY,
August, 1811.

BRIGGS
v.
TILLOTSON.

## BRIGGS against TILLOTSON.

A. and B. submitted pieces of cloth, of their own manufacture, respectively, to the judges of the county, in order to obtain the bounty given by the act of the legislature; (sess. 31. c. 186. s. 2.) and, at the time of the submission, A. promised, that if the cloth, presented by him, obtained the bounty, he would pay the one half of the bounty to B. deducting the expense of procuring it, on condition that B. was entitled to present his cloth, it having been fulled and dressed out of the county, but in all other respects manufactured within it, in the family of B., and B. made a similar promise to A. to pay him one half of the bounty in case A. should obtain it, but without any condition. The bounty was adjudged to A., and B. brought an action of *assumpsit* against him, to recover the half.

It was held that the contract being made after the manufacture was complete, it was not against the policy of the act, as it could then have no influence on the competition between the parties.

To entitle a party to present cloth, in order to obtain the bounty given by the 2d section of the act, it is not requisite that it should be *fulled* and *dressed* in the same county in which it was manufactured, but it is sufficient, if it was *manufactured* in the *family* of the party within the county.

The promise of B. to A. was a sufficient consideration for the promise of A. to B.

IN error, on *certiorari*, from a justice's court. The parties in *January*, 1809, submitted to the judges of the court of common pleas of *Schoharie*, a piece of cloth, for the bounty of 80 dollars, given by the legislature, and, at the time of the submission, made to each other mutual promises, to wit: *Briggs* promised, that if the cloth presented by him obtained the bounty, that then he would pay *Tillotson* the one half thereof, deducting the charges for procuring the bounty, on the condition that *Tillotson* was entitled to present his cloth, it being fulled and dressed out of the county, but in all other respects manufactured within it; and *Tillotson* made the same promise to *Briggs*, without any condition. The premium was adjudged to *Briggs*, and on his refusing to pay the moiety, this action was brought.

The promise was fully proved. On the trial, *Briggs* relied on another condition, that *Tillotson* was bound by the contract to procure the decision of the society of arts, and of Mr. *Metcalf*, on the point, whether the fulling and dressing his cloth out of the county entitled him to present it. The evidence, however, did not support the fact, that such promise was made, or that the bargain

depended on it. *Tillotson* recovered 25 dollars, the expense of 15 dollars being deducted.

The points raised for the consideration of the court were; 1. That the contract was against sound policy, by defeating the object of the act, by preventing competition; 2. That *Tillotson* had no claim to the premium, his cloth having been fulled and dressed out of the county.

*Sedgwick*, for the plaintiff in error.

*Hamilton*, contra.

*Per Curiam.* Had the contract been made prior to the complete manufacture of the cloth, it would have been against the policy of the act to tolerate agreements like the present; but the contract being after the completion of the cloth, could have no influence on the competition of the parties, and could not, therefore, be in fraud of the act. It is idle to suppose that, but for the agreement, which was known to the judges, the premium would not have been awarded. They adjudged *Briggs's* cloth to be the best, and the idea cannot be admitted that they were influenced in their decision by any improper or extraneous circumstances. The case, therefore, of *Dolin* v. *Ward* (6 *Johns. Rep.* 194.) does not apply.

Had *Tillotson* a right to present his cloth for the bounty? The premium is to be awarded to the person who *shall, in his family, manufacture* within any of the counties of this state, the best specimen of woollen cloth, of uniform texture and quality, not less than 30 yards," &c. (Sess. 31. c. 186. s. 2.)

Now it never could have been the object of the legislature to confine the premium to those only who possessed fulling mills; and the terms *manufacture in his family*, exclude the idea that the cloth was to be fulled and dressed in the family. If it was spun and wove in the family,

ALBANY,
August, 1811.

BRIGGS
v.
TILLOTSON.

that was all that was intended or required. Whether the judges would not have required that the specimens presented should have been fulled and dressed, is a distinct consideration. The legislature meant to encourage domestic manufactures, and they did not intend to require that each domestic manufacturer should have in his family a fulling mill.

To render the bounty equal, it was extended to all the counties, and it cannot be contended that the legislature meant to confine the fulling and dressing the cloth to the county in which it was manufactured. It does not extend the premium to fulling and dressing, but to family manufactures; and when the fabric of the cloth is so far completed as to be spun and wove in a family, that is all that can be inquired into.

It was suggested that there was no consideration for *Briggs's* promise to pay half the premium. *Tillotson's* promise to pay *Briggs* half, if it was adjudged to him, was the consideration of *Briggs's* promise; and that one promise may be the consideration of another, is well settled; all stock contracts have the same basis, and they have been repeatedly held to be valid.

The judgment must be affirmed.