Putnam, J.
The defendant, being indebted to the plaintiff, in March, 1811, shipped a quantity of sugars from the Havana, consigned to Goodwin fy Whiting, with directions to pay $ 700 to the plaintiff out of the proceeds. The plaintiff called on them, upon the arrival of the sugars, and requested payment, which was refused. But the consignees said they would sell the sugars at auction, and should get the notes for the same discounted, and would then pay *188 After some further observations, the plaintiff procured them to give him their note for that sum, payable in thirty days. The sugars were sold the next day after this transaction. The plaintiff agreed to credit the amount of the note when paid ; but, unfortunately, Goodwin 4" Whiting failed before the expiration of the thirty days. The plaintiff attended a meeting of their creditors, stating that he did not know whether he was a creditor or not. He executed a power to certain agents, who, in virtue thereof, afterwards discharged Goodwin Whiting. The plaintiff negotiated the note given him by them, and was obliged to take it up after their failure ; and the question is, whether the plaintiff or the defendant shall bear this loss.
The defendant, having consigned the sugars to be sold by Goodwin 4" Whiting, and the proceeds to be paid, seems to have prescribed the mode of discharging his debt to the plaintiff; and, if his directions had been followed, the proceeds of the sugar, which was nearly the amount of the note, would have been paid in two or three days.
A factor, who acts fairly, does not subject the goods of the consignors to the claims of his creditors ; and the defendant might have been very willing to trust to the fidelity of Goodwin fy Whiting, and yet have been not willing to trust to their solvency. It was a trust which would be executed in a short time ; and the execution of it required only good faith on the part of the consignees. [*214] * But the- plaintiff chose to permit them to convert these goods to their own use, and to alter the terms upon which the sugars were placed in their hands by the defendant, extending a credit to them not contemplated by him. In consequence of this arrangement the debt has been lost.
If the plaintiff had been dissatisfied with the provision which the defendant had made for the payment of his debt, or had desired security, he might have attached the effects in the hands of the consignees. They were willing to pay when in cash ; and the plaintiff seems to have had no apprehension of their insolvency. He trusted them beyond what the defendant did, and without his consent ; and we are clearly of opinion that the loss must fall upon the plaintiff, the arrangement having been made for his accommodation.†

J1 new trial granted.

 Wright vs. Crockery Ware Company, Adams, 281. — Rex vs. Barber, 3 Cowen, 272. — Bolton vs. Richard, 6 T. R. 139. — Brown vs. Kewley, 2 B. & P. 518.— Whitbeck vs. Van Ness, 11 Johns. 409. — Evans vs. Drummond, 4 Esp. 91. — Robinson vs. Reed, 4 M. & R. 349. — Strong vs. Hart, 6 B. & C. 161. — Cammidge vs. Allenby, 6 R. & Crew. 373. In general, a bill or note is no satisfaction of any debt or demand for which it has been given; it is only primá facie evidence of payment, rendering it necessary that the party receiving it should account for it before he will be entitled to recover the consideration. But the holder will be precluded from recovering for the consideration, if it appear that the bill or note has been, by loches or loss, made to ope* *189 rate as a satisfaction of the debt or demand for which it was given; or if he originally received the bill or note as cash, and took the risk of its being paid; or if it were transferred to him by way of sale ; unless, indeed, in the two latter cases, it be proveí that the person transferring the bill knew, at the time, that it was of no value Bayley on Bills, 5th ed. 363-366.— Thomson on Bills, 191-194.— Chitty on Bills 95 — 100. — Roscoe on Bills, 95. — Johnson vs. Murray, Thoms, ub. sup. — Taylor vs Wasteneys, 2 Str. 1218. — Scott vs. Surman, Willes, 406 — Drake vs. Mitchell, 3 East 451. — Curtis vs. Rush, 2 V. & B 416. —Ex parte Loring, 2 Rose, 79. — Grant vs Mills, 2 Ves. & B. 306 —Hughes vs. Keaney, 1 Sch. & Lef. 136. — Lambourne vs Cork, 1 Dowl. & Ry. 211. — Ex parte Barclay, 7 Ves 597. — Stedman vs. Gouch, 1 Esp. 3. — Rex vs. Dawson, Wighw. 32. — Mussen vs. Price, 4 East, 147. — Nickson vs. Jephson, 2 Stark. 227. — Owenson vs. Morse, 7 D. & E. 64. — Bishop vs. Shilleto, 2 B. & A 329.— Tempest vs. Ord, 1 Madd 89. — Swinyard vs. Bowes. 5 M. S. 62. — Bolton vs. Richard. 1 Esp. 10, 6 D. & E. 139. — Smith vs. Ferrard, 7 B' & C. 19.— Everett vs. Collins, 2 Camp. 515. — Marsh vs Redder, 4 Campb 257. — Taylor vs. Briggs, 1 M & M. 28 — Prickford vs Maxwell, 5 D & E. 52 — Tapley vs. Martens, 8 D. & E. 451. — Dangerfield vs Wilby, 4 Esp 159 — Campion vs Terry — Clark vs Mundal, 1 Salk. 124.— Ex parte Hodgkinson, 19 Ves. 295.— Fidell vs. Clarke, 1 Esp v. 447. Ex parte Shuttleworth, 3 Ves. 368. — Fenn vs Hamson. 3 D & E. 759. — Clark vs. Young, 1 Crunch, 81.— Pintard vs. Tackington. 10 Johns. 104.— Toby vs. Barber, 5 Johns. 68. — Murray vs. Governeur, 2 Johns Cos 438. — Holmes vs. Decamps, 1 Johns. 34. — Putnam vs. Lewis, 8 Johns. 304. — Burdick vs. Green, 15 Johns 217. — Johnson vs Weed, 9 Johns. 310. — Smith vs. Lockwood, 10 Johns. 366. — The People vs. Howell, 4 Johns. 296. — Sheehy vs Mandeville, 6 Cranch, 253. — Elliott vs. Sleeper, 2 N. H. 525.— Cheever vs. Myrick, 2 N. H. 376.— Schemerhorn vs. Loines, 7 Johns. 310.— Smith vs. Rodgers, 17 Johns 340. — Muldon vs. Whitlock, 1 Cowen. 290. — Kean vs. Dafresne, 3 Serg. & Rawle, 233.— Vancfeef vs. Therasson, 3 Pick. 12. — Porter vs. Talcott, 1 Cowen, 359. — Hughes vs. Wheeler. 8 Cowen, 77 — Raymond vs. Merchant, 3 Caw. 147.— Bowers, ex'r , vs. The State, &c., 7 Har. & 32. — Clapper's adm'r. vs. Union Bank, 7 Har. & J. 92. — The Petapsco Insurance Co. vs. Smith et al., 6 H. & J. 166. — Snyder vs. Findley, Caxe, N. J. R. 48. — Pans vs. Kelly, 2 Hayw. 47. — Parker vs. The U. S. A., 1 Peters, 262-266.— Lewis vs. Mauley, 2 Yeates, 200. As to the law in Massachusetts, which is somewhat, peculiar, see note to Chapman vs Durand et al, 10 Mass. 51, and the cases there cited. And see Varney vs. Nobleboraugh, 2 Greenl. 121. — Wise vs. Hilton, 4 Greenl. 435 — Wallace vs. Agry, 4 Mason, 336. — Watkins vs. Hill, 8 Pick. 522. — And see Plankenhorn vs. Cave, 2 Yeates, 370.