Curia, per
Earle, J.
The casé made on the trial below, seems to be this : Mrs. Pellott being • indebted to the plaintiff, in the sum bf $407,69, on a book account for merchandize, and the account being presented to her for payment, the defendant came to the plaintiff, produced the account, and assumed tb pay it, in consideration that she should be discharged from the debt. Her account was accordingly credited in full; and the amount was cháfged to the defendant, by his own direction. In the argument here, a question has been raised, whether Mrs. Pellott was privy to the arrangement by which the defendant assumed the payment of her debt; and whether the credit,, discharging her, was entéred with the knowledge and by the direction of the defendant. Both these were questions for the jury.' It was only on proof of both, that the liability of the, defendant arose. And I think that the jury were warranted in the conclusion, that the defendant, when he exhibited Mrs. Pellott’s account, arid assumed the payment of it, came from her, and with her assent, for that purpose. And also, that the credit given to her, on the books, was by the direction of the defendant, and in pursuance of the agreement with him; for his undertaking was to pay her debt, in consideration that she should be discharged. The questions raised below, were, 1st, whether the undertaking was void, under the statute of frauds, not being in writing. 2d. Whether the debt of Mrs. Pellott was actually discharged. It seems hardly necessary, at this day, to speak of the distinction between original and collateral undertakings, in reference to the statute of frauds, a distinction so well understood, arid so well established by the whole current of authorities. The general rule is well stated in Comyn on Contracts: “If it be part of the agreement, that the original debt be discharged, that is a sufficient consideration to *44 support the undertaking of another to pay the debt; and the agreement need not be in writing. But if no such stipulation be made, and the original debt be permitted to subsist, the undertaking is merely collateral, and the agreement must be in writing.” Says Justice Nott, in Boyce vs. Owens, 2 M’Cord, 208: “The reason is obvious. The original debt being extinguished, it is no longer an undeitaldng to pay the debt of another, because there is no such debt existing, but it is a newly created debt of the undertaker.” The principle is well put by Roane, J. 2 H. & M. 603, Waggoner vs. Administrators of Gray: “Where the person, on whose behalf the promise is made, is not discharged, but the person promising agrees to see the debt paid, so that the promisee has a double remedy, the promise is considered collateral, and must be in writing; but where the promiser undertakes to become the paymaster, it becomes immediately his debt, and he is liable without writing.” [ The consideration to support an agreement, need not of necessity be a pecuniary one, nor even a beneficial one, to the person promising. If it be a loss, or even an inconvenience, to the promisee, the relinquishment of a right, as the discharge of a debt, or the postponement of a remedy, as the discontinuance of a suit, or a forbearance to sue, it is enough. In relation to the class of contracts we are now considering,nvhere the promise is to pay another’s debt, in consideration of his being discharged, it seems to be well settled now, that there need be no consideration moving between the person promised for, and the person who promises.'^) For the undertaking of one man, for the debt of another, says Lord Eldon, in Ex Parte Minet, 14 Ves. Jr. 190, “does not require a consideration moving between them.” Vid. 9th East. 348 — 1 Camp. 242 — 8 John. Rep. 29. In the earlier cases on this point, such promises seem to have been supported, rather on the ground of their being a purchase of the debt, than a mere undertaking to pay. So they seem to be regarded by Mr. Roberts in his treatise on the statute. Such was the case in Anstey vs. Marden — 1 New Rep. B. & P., 124, decided in 1804 — where A. being insolvent, a verbal agreement was entered into between several of his creditors, and B. who was father in-law, whereby B. agreed to pay the creditors ten shillings in the pound, in satisfaction of their demands, which they agreed to accept, and to assign their debts to B., and it was supported as an original undertaking. Sir James Mansfield, Ch. J. at the trial, considered it not within the statute, being an undertaking to pay a debt of a new description, ten shillings in the pound, in consideration of A. being discharged, and not an undertaking to pay the debt of A. — But afterwards,- on a rule for a new trial, it seems to have been put on the footing of a purchase of the debts, *45 The Case of Castling vs. Aubert, 2 East. 325, had before been determined on the same ground. But it Would seem, if no consideration is necessary, as between the person promised for, and the person promising, and the loss or inconvenience to the promisee, by reason of discharging the debt of the former, be a suffipient consideration for the new undertaking,- that there can be no sufficient reason for holding that the promiser should have the former debt assigned to him for his indemnity, as in Antsey vs. Marden, or should have funds in his hands to reimburse himself, as in Castling vs. Aubert; and so it was considered in Goodman et. al. vs. Chase, 1 B. & A. 297, in 1818. The plaintiff had taken Chase, Jr. in execution, and the defendant, (his father,) in consideration that the plaintiff would discharge him, undertook to put him again in custody, on a day certain, or pay the debt. Whereupon, the plaintiff discharged Chase, Jr. out of custody-; and it was held that the promise of the defendant was binding, though not in writing; that it was an original undertaking, and not collateral. Lord' Ellenborough said it was unnecessary to hear counsel on the case of Wain and Warlters, inasmuch as it appeared to th.e'm that the plaintiff, by agreeing to let Chase, Jr. out of custody, had entirely discharged the' debt, as to him, and then the case would be that the defendant promised to pay a certain sum of money, in consideration of the debt between the plaintiff and Chase, Jr. being put an end to, which being a detriment to the plaintiff, would be a good consideration for an original promise, and take the question entirely out of the statute of-frauds. So in Roe vs,Hough, 1 Salk, 29, soon after the statute, which I shall presently cite for another purpose, A. was indebted to B., and C. in. consideration that B. would' accept him, C,, as his debtor in the place of A., undertook to pay B. the debt of A. It was held a good consideration and. the promise binding;- and all the authorities are now to the same effect.
I have thus far remarked on this branch of the case, because we have' no precedent in our own Reports of an undertaking to pay the debt of another, on the sole consideration of the discharge of such debt. But the ex-' ception mainly urged here, is that the promise of the defendant was without consideration, as in point of fact and law, the debt of Mrs. Pellott was not discharged. In considering this question, we should bear in mind the distinction between a release and payment, between that which is to operate as a relinquishment to the debtor of a right of action, and that which is1 accepted in discharge or satisfaction of the debt. In regard to the former, it is laid down : “An express release must regularly be in writing- and by deed, according to the common rule, eodummodo quo oritur, eodum modo dissolvitur, so that a duty arising by record, must be discharged by' matter of as high a nature, -and so of a bond or other deed. But a pro’-' *46 mise by words may, before breach, be discharged or released by words only.” — Bac. Abr. Release. But payment or satisfaction of a debt is a different thing. As a general rule,’ a debt existing in parol, whether by writing or otherwise, is not extinguished by a security which is of no higher nature; for instance, a book account would not of necessity be extinguished by the promissory note even of the debtor, unless by express agreement, if it be so accepted by 'the creditor. 1 Salk. 124 — 7 Term, 60 — 3 John. Ca. 71 — 5 John'.' Rep. 68 — 8 John. Rep. 304. But it is surely competent for the creditor to accept of whatsoever he will, in discharge or satisfaction of a debt. If he may accept the promissory note of the debtor, he may also accept that of a stranger. And if he may accept the note of a stranger," he may also accept his promise without writing. The validity of the substitute, the note or promise, depends' on the express agreement to discharge the original debt. And to this point the authority of Roe vs. Hough, is express; It was agreed between A., B. and C., that C. should pay A’s¡ debt to R., and that B. should discharge A.; that B. should accept C. in the place of A., as his debtor; and it was held that A. was thereby discharged, and C. bound. A like casé is put by Mr; Justice Buller, in Tatlock vs. Harris, 3 Term, 174. Suppose A. owes B. £100, and B. owek C. £100, and it is agreed between them, that A. should pay C. the £100. B’s. debt is extinguished, and C. may recover that sum against A. See also, Israel vs. Douglass, 1 St. B. 239. In these cases the validity of the new promise, and the discharge of the original debt, are mutually dependant; they arise at the sáme time, and result from the agreement of the parties, that the existing debt shall be extinguished, and the first debtor discharged, in consideration of the new undertaking. There is no form of words or writing necessary to give effect to these mutual undertakings. If the promise to pay is binding, the agreement to discharge is equally so; each is binding because the other is. But in the case at bar, there is something mote than a mere verbal agreement, if more be necessary. The plaintiff, it is true,' has not given a receipt,'or other written discharge, to the former debtor., But he has entered satisfaction in writing on the books, which constituted the evidence of his demand; and has declared, by such entry, that he has no further claim upon Mrs. Pellott, in whose stead he has accepted the defendant as his debtor. And, although he cannot be said to have can-celled the books, the entry furnishes written evidence of his agreement to discharge Mrs. Pellott, in consideration of the defendant’s promise. Such agreement, whether proved by writing or parcfl, was an effectual legal discharge ; and after this agreement, the plaintiff could not have recovered, bli the original demand, from her;' This differs from'the case of the asi *47 ignees of Sweet vs. James Chadley, 3 B. & A. 591, in an important particular, although in some of their features the cases are identical, and the ground of the decision in that case will illustrate the proposition advanced. James Chadley was indebted to Sweet for goods sold to the amount of ¿614 Is. Robert Chadley was also indebted to Sweet, and to James Chandley; Robert directed Sweet to put down the goods, for which James was indebted, to the account of hi.m, Robert, and then informed James of this arrangement. Afterwards Sweet rendered his account to Robert, with this entry at'the fpot: “December 1st, 1822 — To your Brother’s account, ¿614 Is.” This was all 'that passed. The assignees brought suit against James Chadley, on the original demand. After verdict for plaintiffs, on a rule for non-suit, in the King’s Bench, Abbott, Ch.’ J. in discharging the rule, said, “Sweet is not proved ever to have said, T will take you, Robert, as my debtor, and discharge James;’ he is not proved ever to have said or done that, which would have the effect of discharging James. It is contended by the defendant’s counsel, that this is accord and satisfaction. But admitting the previous agreement, where is the satisfaction 1 I consider the entry made by Sweet to mean no more than this : “I will debit the account of Robert for ¿614 Is., not that I will discharge James, at all events, from this sum.” The case of Waggoner vs. Gray’s Administrators, 2 H. & M. 603, 611, will be found to present a similar question, decided on the same principles.
This court is of opinion, that there was not error in the charge vof thg judge below, and the motion is refused.
DeSaussure, Johnson, Gantt, O’Neall, Johnston, Butler, and Richardson, concurred.