GARLAND *v.* HARRINGTON & TRUSTEE, MORRISSEY & A., CLAIMANTS.

It is not necessary, in case of the assignment of a debt, that the debt should be due at the time of the assignment in order to protect the rights of the assignee from an attachment against the assignor.

A debt afterwards to accrue may be effectually assigned, provided at the date of the assignment there be an existing contract out of which the debt is to grow.

No formal assent by the debtor, having notice of such assignment, is essential to the validity and protection of the rights of the assignee.

THE writ was brought by Joseph Garland against Wm. Harrington, defendant, and the Concord Railroad Company, trustee, and dated Nov. 29, 1870, and served on the trustee Nov. 30, 1870.   John Morrissey and John Morrissey & Co. appeared as claimants of the fund in the hands of the trustee.

Jan. 16, 1871, the trustee made a disclosure as follows: " We are owing the defendant for work done in October, 1870, $30.20 ; and for work done in November, 1870, $42.80.    Oct. 14, 1870, a writ was served on the Concord Railroad as trustee, in favor of Abbie Murray against said Harrington, and the writ in this case, Nov. 30, 1870. There is also an assignment, of which the following is a true copy. Said amounts are now due.

' ASSIGNMENT.

' KNOW ALL MEN BY THESE PRESENTS, that I, William Harrington, of Manchester, in the county of Hillsborough, and State of New Hampshire, laborer, in consideration of one hundred and thirty dollars to me paid by John Morrissey, of said Manchester, trader, and for other valuable considerations, the receipt whereof I do hereby acknowledge, do hereby grant, assign, sell, transfer, and set over to the said Morrissey, all the pay, wages, moneys, debts, and demands now due and owing to me, and all which, at any time between the date hereof and the first day of November next, shall become due and owing to me from the Concord Railroad Company and the Manchester &· Lawrence Railroad Company for labor and services, and for all other causes,—to have and to hold the same to the said assignee, his executors, administrators, and assigns, to his and their own use forever, hereby giving and granting unto the said assignee full power and authority to demand, collect, and discharge or dispose of the same in my name when the same shall become due. And I do hereby covenant that said debt is justly due, and that I have not done and will not do any act by which the collection thereof may be hindered or prevented. Witness my hand and seal, the eleventh day of August, 1870.

his
' WILLIAM × HARRINGTON.
mark

' Signed, sealed, and delivered in the presence of C. A. O'Connor.' "

There was due from said corporation to the 14th day of October, and including said 14th day of October, 1870, for labor, $22.40.

March 1, 1871, the trustee made a further disclosure, as follows: " In addition to the assignment to John Morrissey & Co., named in the former disclosure, up to Nov. 1, 1870, there was another assignment handed us or received by me on the 22d day of November, 1870, in the following terms, to wit:

' KNOW ALL MEN BY THESE PRESENTS, that I, William Harrington, of, &c., in consideration of one hundred and five dollars, and of other considerations to me paid by John Morrissey & Co., of said Manchester, do hereby sell and assign to said John Morrissey & Co. a certain debt due me from the Concord Railroad Corporation, amounting to the sum of whatever my wages may be during the time specified, and also all sums that may become due for labor performed during the months of November and December, 1870, and January, 1871, with full power to collect and discharge the same in my name, at his pleasure, at his own risk; and I do hereby covenant said debt to be justly due, and that I have not done and will not do any act by which the collection thereof may be hindered or prevented. Witness my hand and seal this first day of November, A. D. 1870.

his
' WILLIAM × HARRINGTON.' "
mark

It appeared from the testimony of John Morrissey, the claimant, that

on Nov. 1, 1870, before the assignment was made, the defendant owed him $38.66; that on that day he sold and delivered to the defendant goods to the amount of $10.50; that there was then due from the railroad on the first assignment $30.20, which has not been paid on account of the trustee writs; that when the assignment of August 11, 1870, was made to him, the defendant owed him $12.18; that he received $30.00 on that assignment, Oct. 15, 1870, leaving due him that day $2.39; that Jan. 12, 1871, he received $37.10; and that Jan. 19, 1871, the defendant owed him $103.50.

The mode of doing the business was, that Morrissey sold and delivered goods to the defendant on the security of the assignment of his wages then to be earned, the consideration of the assignments being what was due at the time, and what might become due for goods afterwards delivered. The employment of the defendant was by the day, payment being made monthly by the company.

The questions arising on the above case were reserved for the consideration of the whole court.

*O' Connor*, for the claimants.

I. Harrington's interest was assignable. He was in the employ of the company; his employment was " by the day, payment being made monthly." This is somewhat ambiguous, but evidently means that he was paid at the month's end a sum measured by the number of days actually worked. Having made such an agreement, and especially having entered upon the performance thereof, his right now is not a " bare possibility," a simple contingency, a " mere chance," but it is a contingency coupled with an interest. This is assignable. 2 Kent's Com. *400, *468, note *b;* 9 Johns. 143; *Bancroft* v. *Marshall*, 16 N. H. 246; *Cameron* v. *Little*, 13 N. H. 25.

In Massachusetts this doctrine seems clearly settled by reiterated decisions in cases quite similar to this. *Weed* v. *Jewett*, 2 Met. 608; *Brackett* v. *Blake*, 7 Met. 335; *Emery* v. *Lawrence*, 8 Cush. 151; *Hartley* v. *Tapley*, 2 Gray 565; *Taylor* v. *Lynch*, 5 Gray 49; *Taylor* v. *Collins*, 5 Gray 50; *Lannan* v. *Smith*, 7 Gray 150; *Wallace* v. *Chair Co.*, 16 Gray 209. In nearly all of these cases the assignor is not at work for any definite time: in some, he is paid " by the piece;" in some, the employer may discharge him at any moment; and the last case seems to carry the doctrine further than it is necessary for us to claim in this case.

II. The assignment is sufficient in form. No objection is made on this point.

III. The acceptance or assent was sufficient. The company received the order and did not object, but suffered the claimants to go on supplying the defendant with goods on the strength of the assignment. By so doing they gave credit to the instrument. " *Qui tacet assentire videtur.*" *Lannan* v. *Smith, supra; Blin* v. *Pierce*, 20 Vt. 25. And

the case shows they actually did assent to the arrangement, for they paid all the wages as directed, except what was " covered " by the writs.

Therefore the funds in the trustees' hands belong to the claimants. '

*Osgood* and *Little*, for the plaintiff.

The claimant of the funds in the hands of the trustees is not entitled to the same, because

1. Said claimant gave no consideration for the assignment made by the defendant.

Nothing was due said claimant at the time the assignment was made. The claimant had been paid all that the defendant owed him, by the defendant's money which he had already received from the railroad, and by what was then in the hands of the railroad, which the claimant received January 12, 1871. The case finds that the consideration was one that had already passed, when, in fact, no consideration whatever had been given. A promise for which there is no consideration cannot be enforced at law. 1 Parsons on Contracts 353. It cannot be set up that the consideration was the promise to furnish goods in the future, because no such promise appears in any manner whatever in said assignment.

2. There was nothing in existence, at the time the assignment was made, to be sold or assigned.

The assignment says that the defendant sells and assigns " a certain debt, &c., amounting to the sum of whatever my wages may be during the time specified, and also for all sums that may become due for labor performed during the months of November and December, 1870, and January, 1871." Said assignment was made November 1, 1870. It will thus be seen that no part of the wages so assigned was earned or in existence at the time when the assignment was made. The existence of the thing to be sold or assigned, or the subject-matter of the contract, is essential to the validity of the contract. 1 Parsons on Contracts 437, and cases cited.

3. There was no existing binding contract between the defendant and the trustees at the time of the service of the plaintiff's writ upon the trustees, or at the time said assignment was made. The defendant was employed by the railroad by the day, payment being made monthly by the railroad. He was not hired for any specified time, but was at liberty to leave at any moment, and the railroad was at liberty to discharge him at any moment. He was not at work under any existing binding contract, and if he was discharged before the expiration of the time mentioned in the assignment, he could collect no damages of the railroad for being so discharged. Unless there was such an existing binding contract between the defendant and the railroad that they should employ him for the time mentioned in the assignment, the claimant is not entitled to the funds in the hands of the trustee. *Mulhall* v. *Quinn*, 1 Gray 105 ;—also, *Hartley* v. *Tapley*, 2 Gray 565 ; *Taylor* v. *Lynch*, 5 Gray 49 ; *Lannan* v. *Smith*, 7 Gray 150, where this doctrine is recog-

nized.   Said defendant was discharged from the employment of the railroad in December, 1870, and did not work the full time mentioned in the assignment.   He went to work for the trustees again in January, under a new contract.   There is nothing in the case to show that the said defendant was at work for the railroad at the time said assignment was made, or that there was any contract at all between him and the railroad at the time it was made.

4. Said assignment was never accepted by said railroad.

Unless it was accepted, the claimant of funds is not entitled to the funds in the hands of the trustees.   *Lannan* v. *Smith*, 7 Gray 150. There is nothing in the case that shows that it was accepted, and it is the invariable practice of said railroad to refuse to accept all assignments.   If trustee process is served on said railroad, then they never pay anything over on the assignments. .

5. To hold that money can be thus covered up by assignments would thwart the very purpose for which the trustee law was enacted by the legislature.   It would be contrary to the spirit of the legislation of New Hampshire.

6. John Morrissey, the claimant of funds in this case, has no right to claim the money earned in the month of November, 1870.

It was not assigned to him.   Nothing in the case shows that he has any right to it.   Said John Morrissey's assignment expired Nov. 1, 1870 ; the second assignment was given to John Morrissey & Co., a different party entirely from the one taking the first assignment, and said company does not appear in any manner as claimant in this case ; consequently the funds in the hands of the trustees, earned in the month of November, 1870, must be given to the plaintiff.

*J. B. Clark*, for the trustees.

FOSTER, J.   It appears by the case that the defendant, being in the service of the Concord railroad, his employment being " by the day, payment being made monthly by the company," and being indebted to John Morrissey in the sum of $12.18, on the 11th of August, 1870, made an assignment to said Morrissey of all the pay, wages, money, debts, and demands then due, and which should become due prior to the 1st of November, from the Concord Railroad Co. to the defendant, for labor and services, &c. ; and that, on the 1st day of November, 1870, the defendant, still being indebted to the said Morrissey or to Morrissey & Co., made a further assignment to Morrissey & Co. of " a certain debt due me from the Concord Railroad Corporation, amounting to the sum of whatever my wages may be during the time specified, and also all sums that may become due for labor performed during the months of November and December, 1870, and January, 1871," * * " the consideration of the assignments being, what was due at the time, and what might become due for goods afterwards delivered " to the defendant, by Morrissey and Morrissey & Co., who sold and delivered goods

to the defendant on the security of the assignments of his wages subsequently to be earned.

There being no doubt about the sufficiency of the consideration for these assignments, the only question seems to be, whether, at the dates of the respective assignments, there was any interest, claim, right, or thing capable of being assigned.

And it seems to be very clearly settled that, in case of the assignment of a debt, it is not necessary that the debt should be due to the assignor at the time of the assignment, in order to protect the rights of the assignee from an attachment against the assignor ; but a debt afterwards to accrue may be effectually assigned.   Drake on Attachment, secs. 612, 613.

In *Clarke* v. *Adair*, cited by Mr. Justice Buller in *Master* v. *Miller*, 4 D. & E. 343, Debray, an officer, drew a bill on the agent of a regiment, payable out of the first money which should become due to him on account of arrears or non-effective money.   Adair did not accept the bill, but marked it in his book, and promised to pay when effects came to hand.   Debray died before the bill was paid, and the administratrix brought an action against Adair for money had and received.

It was allowed by all parties that this was not a bill within the custom of merchants ; but Lord Mansfield said,—" It is an assignment for valuable consideration, with notice to the agent, and he is bound to pay it."   He said he remembered a case in chancery where an agent, under like circumstances, had paid the money to the administrator, and was decreed, notwithstanding, to pay to the person in whose favor the order was drawn.

It is urged by the plaintiff that when Harrington made the assignments, he had nothing to assign but a bare possibility, which is not assignable ; but in the case just cited, the assignment was of money that might become due.

It is undoubtedly true, as said by Shaw, C. J., in *Mulhall* v. *Quinn*, 1 Gray 107 (cited by the plaintiff), that " none of the cases go so far as to hold that the mere possibility of being again employed by the city [that had once before employed the assignor] and of earning wages under that employment at a future time, is capable of being assigned."   But he adds,—" The debt may be conditional, uncertain as to amount, or contingent ; but to be the subject of an assignment, there must be an actual or possible debt, due or to become due.   The assignment of an unliquidated balance is good "—citing *Crocker* v. *Whitney*, 10 Mass. 316.   The cases of *Hartley* v. *Tapley*, 2 Gray 565, *Taylor* v. *Lynch*, 5 Gray 49, *Taylor* v. *Collins*, 5 Gray 50, *Lannan* v. *Smith*, 7 Gray 150, and *Wallace* v. *Chair Co.*, 16 Gray 209, cited by the claimant, are precisely in point in support of this doctrine ;—and see *Bancroft* v. *Marshall*, 16 N. H. 246.

In the present case, Harrington was in the actual service of the railroad corporation at the date of the first assignment, and so continued until after the service of the writ in this cause.

In *Weed* v. *Jewett*, 2 Met. 608, the assignor was in the actual employ-

ment of the corporation summoned as his trustee—it did not appear whether for a certain time, or indefinitely—and the assignment was held good ;—so, also, in *Emery* v. *Lawrence*, 8 Cush. 151.

In *Brackett* v. *Blake*, 7 Met. 335, the true principle and the proper distinction is said to be,—" If a party is under engagement for a term of time to which a salary is affixed, payable quarterly, especially if he has entered upon the duties of his office, although at any time liable to be removed, he has an interest which may be assigned."

So, also, it is said, in *Cutts* v. *Perkins*, 12 Mass. 212,—" It makes no difference if, instead of a debt now due, it is of money expected to become due at some future time to the assignor, it appearing that there was an existing contract upon which the debt might arise ;"—see, also, *Payne* v. *The Mayor and Aldermen of Mobile*, 4 Ala. 333 ; *Tucker* v. *Marstellar*, 1 Cr. C. C. 254.

It is said that these assignments were not accepted by the railroad company. It appears from the case that the railroad corporation had notice thereof, their treasurer having twice, at least, paid the claimant a portion of the defendant's wages on account of the assignments. No formal acceptance by the corporation is necessary to the establishment of the rights of the assignee. If the assignment is valid, this court, after notice to the assignor's debtor, will protect the equitable interest of the assignee, both against the assignor and against the claims of attaching creditors. Metcalf on Contracts 187 ; 1 Pars. Con. (5th ed.) 226 ; *Conway* v. *Cutting*, 51 N. H. 407.

*Trustee discharged.*