# Scientific American Compiling Department *v.* Creighton, Appellant.

*Evidence—Written instrument—Parol agreement—Principal and agent.*

A contract in writing expressly declared upon its face to be "unconditional, except as noted hereon," cannot be contradicted by an alleged parol contemporaneous agreement, upon the faith of which the written agreement was alleged to have been made with an agent of the plaintiff, who had admittedly no authority to make the same.

Submitted Oct. 4, 1906.   Appeal, No. 34, Oct. T., 1906, by defendant, from order of C. P. No. 3, Phila. Co., Dec. T., 1905, No. 1,068, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Scientific American Compiling Company to use of Cetlon B. Taylor v. Edward B. Creighton.   Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.   Affirmed.

Assumpsit on a written contract.

Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Superior Court states the case.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Charles S. Wesley* and *Ernest L. Tustin*, for appellant.

*Paul Reilly*, for appellee.

OPINION BY BEAVER, J., November 19, 1906:

The effort is here made to contradict and practically annul a contract in writing, expressly declared upon its face to be "unconditional, except as noted hereon," by an alleged parol, contemporaneous agreement, upon the faith of which the said written agreement was alleged to have been made with an agent of the plaintiff, who had admittedly no authority to make the same.   That this cannot be done is decided by a great volume of unvarying authority, covering more than a century, from Plankinson v. Cave, 2 Yeates, 370, to Rinker v. Ins. Co., 214 Pa. 608.

The defendant admits, in his affidavit of defense, that he relied upon the declarations of the plaintiff's agent as to his authority to make the parol agreement, in spite of the notice contained in the printed agreement that the latter was " unconditional, except as noted hereon," and that " he has been informed that the said A. A. Perry never was authorized to enter into any modification or oral change of the printed contract set forth in the plaintiff's statement."

The printed contract was of itself notice that the agent had no such authority and that, if any change was made, it must be noted upon the contract itself.    The reason for this is perfectly obvious:    The plaintiff was engaged in the publication of an encyclopedia in sixteen volumes.    The size of the edition to be printed would doubtless depend upon the orders received ; hence the importance of an unconditional contract.    The agent's compensation, if he were paid by a commission, might be payable upon the return of the orders received by him. Under such circumstances, it would have been a fraud upon the plaintiff for the defendant to sign and place in the hands of the agent an unconditional contract, while entering into a contemporaneous parol agreement, under the terms of which the written contract was not to be binding.

If a case such as is here presented were on trial and an offer to prove the facts contained in the affidavit of defense were made, it would undoubtedly be ruled out.

The facts set forth in the affidavit, taken at the best, and for the most, constitute no defense to the action.

Judgment affirmed.