WILLIAM T. COLEMAN, Appellant, *v.* HENRY EYRE, Respondent.

A parol agreement by the defendant to take a share in the plaintiff's interest in a trading adventure, is valid and binding, although the only consideration passing from the defendant to the plaintiff for such share, or his right to take it, was the obligation to share in the losses. Upon such

Statement of case.

an agreement, the plaintiff may maintain an action against the defendant to recover contribution of the losses of the adventure.

The plaintiff's promise to account to the defendant for one-half of the profits, is supported by the obligation incurred by the defendant to share one-half of the losses, and hence it is a case of mutual promises, reciprocally binding.

The agreement was not within the clause of the statute of frauds, requiring agreements for the sale of goods to be in writing.

(Argued February 14th, decided February 21st, 1871.)

APPEAL from an order of the General Term of the Superior Court of the city of New York, reversing a judgment entered on the report of a referee in favor of the plaintiff, and granting a new trial.

The facts in the case sufficiently appear in the opinion of the court.

*W. M. Macfarland,* of counsel for appellants, that the consideration was sufficient. (Comyn's Digest, vol. 1, p. 199 B. 7; 2 Blackstone Com., 444; 2 Kent Com., 465; 1 Chitty Pleadings, 297; Chitty's Contracts, 41; Parsons' Contracts, vol. 1, p. 468; *Billings* v. *Vanderbeck,* 23 Barb., 552; *Quarles* v. *George,* 23 Pick., 401; *Cartwright* v. *Cook,* 3 B. & Adol, 701; *McNeil* v. *Reid,* 9 Bing., 68; 23 E. C. L., 265; Broom's Maxims, 73; *Briggs* v. *Tillotson,* 8 John., 304; *Downey* v. *Hinchman,* 25 Ind., 454; *Funk* v. *Hough,* 29 Ill., 145; *Savard* v. *Mitchell,* 1 Coldwell Tenn., 87; *Howe* v. *O'Malley,* 1 Murphy Law and. Eq., N. Car., 287; *Aldrick* v. *Lyman,* 6 R. I., 102; *Rice* v. *Sims,* 8 Rich. Law, 419; *Whitehead* v. *Patton,* 4 Iredell, Law, 257; *Carleton* v. *Jackson,* 21 Verm., 481; *Livingston* v. *Rogers,* 1 Caines, 583; *Keep* v. *Goodrich,* 12 Johns., 400; *Tucker* v. *Wood,* 12 Johns., 90.) That parol evidence was admissible to prove the agreement. (3 Kent Com., 26; *McKay* v. *Rutherford,* 6 Moore P. C. C., 414; *Smith* v. *Tarlton,* 2 Barb. Ch., 336; *Bunnell* v. *Taintor,* 4 Conn., 568; *Hess* v. *Fox,* 10 Wend., 437.)

*John H. Reynolds,* of counsel for respondents. That no partnership existed. (*Chase* v. *Barrett,* 4 Paige, 148;

*Holmes* v. *United Ins. Co.*, 2 Johns. Ca., 329 ; *Post* v. *Kimberly,* 9 Johns., 470; *Porter* v. *McClure,* 15 Wend., 187 ; *Smith* v. *Wright,* 5 Sandf., 113, affirmed 1 Abb., 243 ; *Pattison* v. *Blanchard,* 1 Seld., 186 ; *Putnam* v. *Wise,* 1 Hill, 234, 238 ; *Murray* v. *Bogert,* 14 John., 318, 322.) That this agreement was within the statute of frauds. (*Lewin* v. *Stewart,* 17 How., 5 ; *Brabin* v. *Hyde,* 32 N. Y., 519; *Shindler* v. *Houston,* 1 Comst., 261 ; *Ely* v. *Ormsby,* 12 Barb., 570 ; *Good* v. *Curtis,* 31 How., 4.) It was a mere *nudum pactum.* (Chitty on Contracts, 15 ; *Ingraham* v. *Gilbert,* 20 Barb., 151 ; 11 Ad. & Ellis, there cited ; *Livingston* v. *Rogers,* Coleman & C. Cases, 331 ; *Burnet* v. *Bisco,* 4 Johns., 235 ; *Utica & Syracuse R. R. Co.* v. *Brinkerhoff,* 21 Wend., 139.)

RAPALLO, J. The plaintiff was interested to the extent of one-fourth in the profits or losses of a shipment of coffee undertaken by him jointly with other parties. After the adventure had been begun, and before the coffee had reached its port of destination, it was mutually agreed between the plaintiff and the defendant that the latter should have one-half interest in the plaintiff's one-fourth interest in the adventure. The speculation resulted in a loss, and this action was brought to recover one-half of the plaintiff's proportion of such loss. It is now claimed on the part of the defendant that no valid contract was made between him and the plaintiff; that inasmuch as the plaintiff had embarked in the speculation before and without reference to any arrangement with the defendant, and the defendant had not done or contributed anything to aid in the joint enterprise, there was no partnership, and no consideration for the undertaking of the plaintiff to give him one-half of the profits ; that therefore the defendant could not have enforced payment of half the profits, if the adventure had been successful, and consequently no agreement on his part to contribute to the loss can be implied.

This argument assumes that the agreement was simply that the defendant should have one-half of the profits, which the plaintiff might make out of the adventure, in case it should

prove successful. But such was not the agreement proved. The agreement was that the defendant should share with the plaintiff in the adventure, and it seems to have been clearly understood that he should participate in the result, whether it should prove a profit or a loss. That it might result in a loss was contemplated by the parties. There is evidence in the case that the possibility of that event was the subject of conversation between them at the time of making the contract; that the hope was then expressed that the plaintiff would not be compelled to call upon the defendant to contribute to a loss; and that afterward, when they did call upon him to contribute, he did not dispute his liability, but sought to reduce the amount by claiming a portion of the plaintiff's commissions.

The evidence fully justified a finding that, in consideration of the agreement by the plaintiffs to account to the defendant for half the profits in case of success, the defendant undertook to bear half the loss in the contrary event; and the intendment is, that the referee did so find. Indeed, such is a proper construction of the actual finding. It is a clear case of mutual promises; and the obligation of each party was a good consideration for that of the other. (*Briggs* v. *Tillotson*, 8 Johns., 304.)

The evidence was conflicting as to whether the defendant was to share in the commissions. The referee found in the plaintiffs' favor on that point, and the court below, at General Term, refused to interfere with that finding. We cannot disturb it.

The agreement was not within the statute of frauds. It was not an agreement for the sale of any personal property or chose in action, but an executory agreement, whereby one party undertook to bear one part of a possible loss, in consideration of a share of an expected profit.

The judgment of reversal and order granting a new trial should be reversed, and the judgment for the plaintiffs entered on the report of the referee should be affirmed, with costs.

All the judges concurring.

Order of General Term reversed, and judgment for the plaintiffs affirmed.