By the Court.—Freedman, J.
The action was instituted as one for moneys had and received by the defendants from the Mutual Life Insurance Company to the use of the plaintiff, and not fully paid over. At the trial the real contention of the defendants was that the defendant Walker received the sum in dispute, but that he received it upon plaintiff’s written *8 order, and upon the express agreement with her that-it should be applied upon account of certain promissory notes of Edward Harrow, the husband of the plaintiff, then held by Walker; that in fact it was so applied, and a balance remaining over paid to the-plaintiff, who received the same in full satisfaction of all liability on the part of the defendants.
Upon the trial evidence was given on both sides, and the case was submitted to the jury, who found for the plaintiff.
On behalf of the defendants testimony was given tending to show, that in consideration of the agreement, on their part to assist plaintiff in getting a loan from the insurance company on the security of a large piece of land owned by the plaintiff, with which several mortgages resting upon the land were to be paid off, the condition of which agreement was that the plaintiff should pay any balance remaining after the satisfaction of such mortgages to Walker on account of the indebtedness, of plaintiff’s husband to him, the plaintiff had agreed that such application of the balance should be made, and that under such agreement the defendants had rendered their services and procured the loan. Further testimony was given, which, it was claimed, showed that such application was made by the defendants, and that thereafter a settlement was had with the plaintiff, under which the plaintiff, with full knowledge of all the facts, accepted a check for a balance remaining in her favor, and several receipts in settlement of the question in controversy.
Upon this testimony the defendants requested the court to charge fifteen propositions, the substance of which may be condensed as follows : 1. Any trouble or labor undertaken by one person at the request of another is a sufficient consideration to support a promise by the latter, and renders it binding. 2. If the defendant, Sproulls, undertook to endeavor to procure. *9 the loan for plaintiff, provided the balance remaining over incumbrances was paid to Walker, such undertaking constituted a sufficient consideration for an agreement to pay the balance, and such agreement was valid and binding upon plaintiff. 3. If défendant Walker, at plaintiff’s request, undertook trouble and labor in the negotiation and closing of the loan, this constituted a sufficient consideration for an agreement by plaintiff to pay the balance to Walker, and such agreement, if made, was valid and binding upon her. 4. If plaintiff agreed, for valuable consideration, that Walker should retain the balance, she could not thereafter arbitrarily repudiate such agreement, and defendants should have a verdict. 5. If the final arrangement, by which plaintiff received the check and receipts, was made in settlement of the questions in controversy, plaintiffs could not thereafter disaffirm such settlement, and defendants should have a verdict.
The learned judge who presided at the trial refused to charge all of these requests. He charged, on the contrary, that, if the agreement was as the witnesses for the defendants said, it was for the jury to determine whether the services of the defendants were worth the sum of $1,300, which" was applied on account of the plaintiff’s husband’s indebtedness; whether the consideration was a proper one, and how much of that sum should be paid to the defendants for their services in getting the money. He also charged that if the consideration for plaintiff’s agreement was a payment upon her husband’s past indebtedness, the agreement could not be sustained in law, unless it was in writing.
The defendants duly excepted to these refusals and instructions, and I am of the opinion that in the main their exceptions are well taken.
Upon the theory and proof of the defendants the mutual promises of the parties were a sufficient con *10 sideration for each other (Coleman v. Eyre, 45 N. Y. 38).
Upon the same theory and proof the defendants performed the services, to be performed on their part under the agreement, and the plaintiff accepted the result. Such performance and acceptance would constitute a consideration sufficient to uphold plaintiff’s promise, even if the promises of the parties had not been mutual from the start (Marie v. Garrison, 83 N. Y. 14; Sands v. Crooke, 46 Id. 564).
The real question to be determined by the jury, if they found that the plaintiff made the promise as claimed by the defendants, was whether there was any consideration for the promise, and not whether there was an adequate consideration. The slightest consideration is sufficient to support the most onerous obligation, and the meaning of the rule that the consideration may be impeached, is only that fraud, mistake or illegality in the making of the agreement may be shown, or non-performance of the stipulations of the agreement on the part of the promise (Oakley v. Boorman, 21 Wend. 588).
“There is no standard,” says Church, Ch. J., in Earl v. Peck (64 N. Y. 596), “whereby courts can limit the measure of value in such a case, and an obligation is not wanting even partially in consideration, because the value is less than the obligation. A note for a thousand dollars, given for a horse confessedly worth but one hundred, cannot be successfully defended, in whole or in part, on the ground of a want or failure of consideration.”
The defendants were, therefore, entitled to have the jury instructed, to the effect that if they believed the witnesses for the defense, and upon their testimony should find that the plaintiff’s promise to apply a part of the moneys in question upon her husband’s indebtedness to Mr. Walker, constituted part of the original *11 agreement under which and pursuant to which the defendants rendered their services, there was a sufficient consideration for plaintiff’s promise to make such application, and she was bound to make it or allow it to be made.
And the application having been actually made, the jury should have been further instructed that if such application was made by the defendants pursuant to a claim of right under the agreement under which the services were rendered, and the final arrangement under which the plaintiff received a check for the balance and some receipts, was made in settlement of the question in controversy, the plaintiff could not thereafter disaffirm such settlement. In such case it could make no difference whether the agreement was in writing or not.
The judgment and order should be reversed, and a new trial granted, with costs to appellants to abide the event.
Sedgwick, Ch. J., concurred.