PROVIDENCE ALBERTYPE CO. *vs.* KENT & STANLEY COMPANY.

An insolvent corporation, with a view to effect a settlement with its creditors, promised to deliver to them shares of stock of a corporation thereafter to be organized to an amount equal to twenty-five cent. of its indebtedness; to pay twenty-five per cent. in cash, and to deliver notes of the new corporation for the remaining fifty per cent., payable in two years after the date of tender of such shares and cash payment. Certain of the creditors signed an instrument whereby they agreed to subscribe for the required amount of stock in the new company, and to accept its notes and the cash payment as proposed in full satis-

faction of their claims. The new corporation could not be organized until all of the creditors had become parties to the agreement and its stock had been taken : but before this was done one of the creditors who had signed the instrument brought suit on his original claim. On demurrer to a plea in bar setting up the agreement and averring that on a date subsequently to the date of the bringing of the suit the defendant corporation was ready and willing and offered to pay the cash and deliver the stock and notes as provided, and that all of the creditors had signed the agreement,

*Held*, that as the corporation whose stock and notes the defendant promised to deliver was not in existence when the plaintiff signed the agreement, the defendant had no power to fulfill its promise in that respect, and hence that there was no consideration for the agreement pleaded.

*Held*, further, that if the plaintiff's agreement was to be treated as a continuing offer, it was withdrawn before acceptance by the bringing of the suit before the defendant was able to comply with its terms.

ASSUMPSIT. Certified from the Common Pleas Division on demurrer to a plea in bar.

*July* 17, 1896. STINESS, J. The plaintiff brought this suit in *assumpsit* December 9, 1895. The defendant pleads that in October, 1895, it agreed with the plaintiff and other creditors to deliver shares of the preferred stock of the Kent and Stanley Co., Limited, to an amount equal to twenty-five per cent. of its indebtedness to the plaintiff ; to pay twenty-five per cent. in cash, and to deliver notes of said last named company for the remaining fifty per cent., payable two years after the date of the tender of said shares and payment in cash ; that the plaintiff thereupon agreed in writing to subscribe for the required number of shares, at the rate of eighty-five dollars per share, and to accept the cash and notes as stated above, in full satisfaction of all claims against the defendant ; that, in pursuance of said agreement, on December 27, 1895, it was ready and willing and offered to pay the cash and to deliver the stock and notes as above provided ; and that all the creditors signed the same agreement. A copy of the agreement is produced as a part of the pleading, from which it appears that it was signed by creditors only and not by the defendant. To these pleas the plaintiff demurs.

The main question is whether, assuming the agreements to be as stated, there is such a consideration for them as to bind the plaintiff, or whether the agreement is revocable.

The defendant company was financially embarrassed, and a

new company was to be organized to carry on the business and plant of the old company. Of course this could not be safely done until the debts of the old company were released. This is evident from the pleading, and is also stated in a bill filed by the defendant against the plaintiff to compel a specific performance of the agreement, which is heard with this case. It also appears, both from the pleading and the bill, that the defendant was not "ready and willing" to perform its part of the contract, and could not be until December 27, 1895, after this action had been commenced, because the last agreement of creditors was not obtained and the new company organized until that time. At the time of the contract, therefore, the defendant had no power to do what it is alleged it agreed to do. The new company was not in existence, and could not be until its stock had been taken. After its formation, even, the old company had not the power, in law, to promise the notes of the new company in payment of the plaintiff's claim against the former.

Such a promise is no consideration for a contract. 3 Amer. & Eng. Encyc. of Law, pp. 897, 898, and notes. This was the decision in *Anthony* v. *Household Sewing Machine Co.*, 16 R. I. 571, a case similar to this. It was there held that an agreement to pay a loan in stock, which the company had no power at the time to issue, was void, even though the power was obtained, after the bringing of the plaintiff's suit, as in this case. When there is a lack of power in law to make the promise on one side, there is no legal promise, and so no consideration for a collateral promise. This lack of power must be such as to show an impossibility of performance, as, in this case, to deliver stock which did not exist and to give the note of a company which had not been formed. One may agree to convey stock which he does not own, because it is both legally and naturally possible for him to purchase it in time for delivery under his contract. But an agreement based upon a legal impossibility is a nullity, and it is to be determined according to the situation of the parties at the time it is made.

No doubt there might be cases where the conduct of the

parties would imply a continuing offer, to be held open until the contract could be fulfilled, and so it is urged in this case. But even in this light an offer may be withdrawn before acceptance, and there can be no acceptance until there is ability to perform. The cases relied upon by the defendant show an open offer, or that there had been an executed contract by a present consideration or assumption of liability; *e. g.*, of the former class, *Missisquoi Bank* v. *Sabin*, 48 Vt. 239 ; *Marie* v. *Garrison*, 83 N. Y. 14 ; *Maine Central Institute* v. *Haskell*, 73 Me. 140 ; *Ladies' Collegiate Institute* v. *French*, 16 Gray, 196 ; and of the latter class, *Coleman* v. *Eyre*, 45 N. Y. 38 ; *Jaffray* v. *Davis*, 124 N. Y. 164 ; *Aldrich* v. *Lyman*, 6 R. I. 98.

If we treat the agreement as an offer, it was withdrawn by the bringing of the suit before the defendant was able to comply with its terms.

The defendant also cites cases of composition with creditors where the mutuality of promises is held to be a consideration ; but they do not apply to this case because, as we have shown, there was no legal promise on one side, and also because the case as stated does not set forth any mutual promises of forbearance between the creditors. These, doubtless, may be implied where the facts are such as to raise the implication ; but no such facts appear in this case. The contract pleaded is simply the contract of individual creditors to settle in the way set forth ; and no actual consideration moved from the defendant or other creditors at the time, as in *Good* v. *Cheesman*, 2 B. & Ad. 328.

The demurrer to the plea for want of consideration must be sustained, and it follows that the defendant's bill in equity cannot be sustained, and that other points argued need not be determined.

*John T. Blodgett,* for plaintiff.

*Charles A. Wilson & Thomas A. Jenckes,* for defendant.