(19 Misc. Rep. 649.)

### FLEISCHMAN v. PLOCK.

(Supreme Court, Appellate Term, First Department. March 25, 1897.)

VENDOR AND PURCHASER—CONSIDERATION—STATUTE OF FRAUDS.

A check given for the price of an interest in land is not without consideration because the contract of sale was not enforceable against the vendor under the statute of frauds.

Appeal from Ninth district court.

Action by Julius Fleischman against Edward J. Plock. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

W. B. Donihee, for appellant.
Daniel P. Hays, for respondent.

BISCHOFF, J. The plaintiff sued upon a check given him by the defendant as earnest upon, and partial consideration for, an agreement by the former to sell or assign to the latter a contract held by him for the purchase of certain real estate, the defendant having stopped payment of the check, and having refused to complete the transaction, basing his refusal upon alleged misrepresentations, as to the state of the property, made by the plaintiff at the time when the agreement was entered into and the check delivered. Ample evidence was given for the plaintiff to rebut the defendant's proofs touching the alleged fraud, and the record most fully supports the recovery upon every essential point. From the receipt given by the plaintiff to the defendant when the check was delivered, it appears that the agreement was not, as now claimed by defendant, that the plaintiff should make a contract of sale in his own name, but actually looked to the transfer to defendant of plaintiff's interest in an existing contract held by him as prospective purchaser; and the sum represented by the check was a partial consideration, at least, for the executory agreement to make this transfer, and was intended to serve as a deposit to secure the defendant's performance. The plaintiff's evidence shows

that he was fully prepared to perform this executory agreement, and that the defendant was in default, the latter's refusal to accept the tendered performance being wholly without warrant or excuse.    This evidence the justice credited, as he was well authorized to do, and the right of recovery upon the instrument in suit was apparent.    It is claimed, however, that the defense of an absence of consideration for the check was made out, because the agreement under which the instrument was delivered did not satisfy the requirements of the statute of frauds; and that, since the contract was not binding upon the plaintiff should he have seen fit to invoke the statute, the promise did not afford consideration for the defendant's payment.    We may concede that the agreement, being for the sale of an interest in lands, was not shown to have been sufficiently expressed in writing to satisfy the statute of frauds, but the appellant's position is, nevertheless, untenable; since, whether the contract was voidable by the plaintiff or not, his readiness and willingness to perform it, as a contract binding upon him, furnished consideration for the defendant's promise to pay.    Money actually paid in advance by the vendee to the vendor under a verbal contract for the sale of lands cannot be recovered back upon the theory that the infirmity of the agreement worked a failure of consideration, with an implied promise by the vendor to restore the sum, where the vendor is prepared to perform, since the ability and willingness to perform furnish consideration for the payment, and the implication of a promise to return it accordingly fails.    Abbott v. Draper, 4 Denio, 51; Allis v. Read, 45 N. Y. 142; Collier v. Coates, 17 Barb. 472; Harris v. Frink, 49 N. Y. 24.    Where the vendor holds himself ready to perform, his attitude, in so far as the statute of frauds affects it, is the same when he defends an action for the return of the purchase price as when he stands as a suitor upon the promise to pay.    In neither situation is he required to produce and rely upon a contract in writing within the statute, since in each case the vendee, alleging a failure of consideration, either for his case in chief or for defense to the instrument, has the burden of establishing the fact; and the presence of the consideration is made to appear, in either aspect, through the vendor's readiness and ability to perform the actual agreement, which the statute does not operate to render infirm at an election, the right to which, in this matter, is abandoned by the only party possessing it.

In Rhodes v. Storr, 7 Ala. 346, it was held that the vendee's defense to the vendor's action upon a promissory note, given for the purchase money under a verbal contract for the sale of lands, could not be sustained where the vendor was not in default, the reasoning adopted being principally, that the requirements of the statute did not affect the fact that there was an actual consideration furnished by the vendor (the plaintiff) in his holding himself ready to perform.    So, too, in Gillespie v. Battle, 15 Ala. 282, under the same state of facts, the court adopted the ground that the defense "that the note was given under a verbal contract," etc., did not present any question of the validity of the contract under the statute of frauds, but went, at most, to the consideration for the note, and that this point was met by proof of the plaintiff's willingness and ability to perform as vendor.    In McGowen

v. West, 7 Mo. 569, a like ruling was made upon the ground that such cases were not within the mischief against which the statute was aimed,—a point which is most persuasive to the reason; and the direct analogy between the vendor's position when retaining money paid and when seeking to enforce the promise to pay, under these circumstances, is pointed out in Raubitschek v. Blank, 80 N. Y. 478. In the case last cited the court, it is true, entertained the argument as to the validity of the contract of sale; but, since the facts showed that contract to have been properly expressed in writing, the point was not ruled that the defense would have availed had the agreement been repugnant to the statute of frauds. The situation, in this respect, was not brought to the consideration of the court, and the vendor's right of recovery upon the vendee's promise was upheld upon another ground. Our conclusion is that the defense of a failure of consideration in this case, as based upon the character of the agreement, was unsupported, and that the judgment should be affirmed.

Judgment affirmed, with costs. All concur.