profit from the employment. The defendant and similar institutions are not liable for negligence because they are organized for benevolent or charitable purposes. There would, therefore, seem to be no distinction whether the servant—a competent man for the service in which he is engaged—carelessly injures one while in the hospital or in the street.

Even though the defendant received compensation for some of its patients, it still falls within the definition of a charitable institution. People ex rel. Inst. for Blind v. Fitch, 154 N. Y. 14, 47 N. E. 983, 38 L. R. A. 591; Corbett v. St. Vincent's Ind. School, supra; Downs' Adm'x v. Harper Hospital (Mich.) 60 N. W. 42, 25 L. R. A. 602, 45 Am. St. Rep. 427. Passing that, however, the defendant at the time of the collision was responding to a call from the police department of the city. It was performing a duty imposed upon the city as one of its governmental functions, but intrusted to the defendant. The defendant was representing the city, and was no more liable for the negligence of its driver than the city would be for an assault committed by a policeman in the discharge of his duty, or if a fireman in answering an alarm of fire should run over a traveler in the street. Dillon's Mun. Corp. §§ 975, 976; Corbett v. St. Vincent's Ind. School, 177 N. Y. 16, 68 N. E. 997; Maxmilian, Adm'x, v. Mayor, 62 N. Y. 160, 20 Am. Rep. 468; Lefrois v. County of Monroe, 162 N. Y. 563; 57 N. E. 185, 50 L. R. A. 206.

The municipality in its corporate capacity is not benefited specially by the exercise of the sovereign power in the cases instanced, but is performing a service essential for the welfare of the public in preserving the peace, or in preventing the destruction of property, or some other kindred obligation; and public policy demands that the city be given immunity from liability for the want of care of those who are actually performing the duty. The rule is not altered because defendant, instead of the city, had charge of the ambulance. In Corbett v. St. Vincent's Ind. School, supra, the defendant was a charitable industrial asylum, but received minors convicted of crimes, and it was held exempt from liability, for injury resulting from the negligence of its managers. The defendant is the agent or representative of the city, and the same principle which gives freedom from liability to the city is also effective to exonerate the hospital corporation.

The plaintiff's exceptions should be overruled, with costs and disbursements of this appeal, and judgment ordered for the defendant on the verdict, with costs. So ordered. All concur.

---

(50 Misc. Rep. 647)

### HAHN et al. v. BRETTLER et al.

(Supreme Court, Appellate Term. April 24, 1906.)

**FRAUDS, STATUTE OF—SALE OF INTEREST IN REALTY.**

    The sale of an interest in a contract for the sale of land is not within the statute of frauds, and need not be in writing.

    [Ed. Note.—For cases in point, see vol. 23, Cent. Dig. Frauds, Statute of, § 123.]

Appeal from City Court of New York, Special Term.

Action by David Hahn and others against Max Brettler and others. From an order setting aside a verdict for the plaintiff and dismissing the complaint on the merits, and from the judgment entered thereon, plaintiffs appeal. Reversed, and remanded for entry of judgment on the verdict.

Argued before SCOTT, P. J., and TRUAX and BISCHOFF, JJ.

Joseph Fischer, for appellants.

Sternberg & Jacobson, for respondents.

BISCHOFF, J. The plaintiffs as vendees and the defendants as vendors entered into a contract for the sale of the defendants' real estate. Thereafter the defendants proposed a sale to them of the plaintiffs' interest in the contract for the sum of $1,600. The plaintiffs accepted the offer, and a payment of $50 was made by the defendants on account. The plaintiffs being ready and willing to carry out the agreement, and the defendants having refused to pay, this action was brought to recover the balance of the agreed sum, and, after verdict for the plaintiffs, the court entertained a motion to set aside the verdict, granted the motion, and directed a dismissal of the complaint. The ground of the decision was that the agreement in suit, for the purchase of the vendee's interest in a contract for the sale of lands, was an agreement involving the transfer of plaintiffs' interest in real estate; hence, not being evidenced by a writing signed by the plaintiffs, was void under the statute of frauds, and afforded no consideration for the defendants' promise, upon which the action is founded. In the case of Fleischman v. Plock, 19 Misc. Rep. 649, 44 N. Y. Supp. 413, the question now before us was considered by this court, and the conclusion was reached that the statute of frauds was not available under these circumstances to defeat an action founded upon the defendants' promise.

The judgment and order appealed from must therefore be reversed, and the cause remitted to the court below for entry of judgment upon the verdict, with costs to the appellants. All concur.