(79 Misc. Rep. 59.)

### GAGLIONE v. GIAMBRONE.

(Supreme Court, Equity Term, Erie County. January, 1913.)

VENDOR AND PURCHASER (§ 334*)—VOID CONTRACT—REPUDIATION BY VENDEE —VENDOR'S OFFER TO PERFORM.

    A vendee could not recover a down payment on a contract for the sale of real property owned by the vendor and his wife as tenants by the entirety, because the contract was not signed by the wife, where the vendor offered to perform, and tendered a deed executed by both himself and his wife, whereupon, in case of the vendee's refusal to perform, the down payment would be forfeited.

    [Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 959–980; Dec. Dig. § 334.*]

· Action by Giuseppi Gaglione against Antonio Giambrone to recover part of the purchase price paid on an alleged void contract for the sale of realty. Judgment for defendant.

F. S. Jackson and William Armstrong, both of New York City, for plaintiff.

Lanza & Miceli, of Buffalo, for defendant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

BROWN, J. Defendant and his wife are the owners as tenants by the entirety of certain real estate in the city of Buffalo. On December 28, 1911, the defendant and the plaintiff entered into a contract in writing under seal whereby the defendant agreed to sell and convey such real estate to the plaintiff on January 15, 1912, by delivering to plaintiff a warranty deed free and clear of all incumbrances; the plaintiff on December 28, 1911, paying to defendant the sum of $500 and agreeing to pay the balance of the purchase price on delivery of the deed. On or about January 10, 1912, the plaintiff repudiated the contract and demanded of defendant that the $500 be repaid to him. Such money not having been paid, the plaintiff on January 13, 1912, commenced this action for the recovery of such down payment, alleging in his complaint that, the contract not having been executed by the defendant's wife, the same was void; that, the real estate being owned by the defendant and his wife as tenants by the entirety, the wife not signing the contract, there was no contract in writing signed by the grantors, as required by the statute of frauds. On January 15, 1912, the defendant, in pursuance of the provisions of the contract, duly tendered to plaintiff the deed provided by the contract, duly executed by the defendant and his wife, and demanded specific performance of the contract by payment of the balance of the purchase price. The plaintiff refusing to accept such deed and declining to pay the unpaid purchase money, the defendant interposed an answer, denying the invalidity of the contract, alleged his readiness to perform, and demanded judgment on his counterclaim for specific performance.

The proofs upon the trial sustain the allegations of the defendant. There is no proof of any default on the part of defendant. He has done precisely what he agreed to do. Even assuming that the contract, not being executed by the defendant and his wife, could not, be enforced by the wife, it is not seen how the plaintiff would be entitled to recover his earnest money upon the facts in this case. It has long been the settled law of this jurisdiction that a vendee cannot recover a payment made to apply on the purchase price of real estate under a parol contract which is void within the statute of frauds, unless the vendor has repudiated the contract or is unable or unwilling to perform. Collier v. Coats, 17 Barb. 471; Fleischman v. Plock, 19 Misc. Rep. 649, 44 N. Y. Supp. 413; Quinto v. Alexander, 123 App. Div. 1, 107 N. Y. Supp. 422; Hann v. Brettler, 50 Misc Rep. 647, 98 N. Y. Supp. 607; Cooley v. Lobdell, 153 N. Y. 596, 47 N. E. 783. As was said in Graham v. Healy (Sup.) 138 N. Y. Supp. 611 (December, 1912), there was no tender of performance by plaintiff or demand that defendant perform. Moreover, the vendor was, at the time fixed for performance, ready and willing to perform, and so remained up to the day of the trial.

The proof is that the defendant and his wife both orally agreed with the plaintiff to sell the real estate. They both have performed that oral agreement, and the defendant has performed the written contract. The plaintiff is not entitled to recover the moneys paid by him. As it was expressed in Quinto v. Alexander, supra, by his failure to keep his agreement he has forfeited his cash payment. Upon payment

by the plaintiff to the defendant of the balance of the purchase price, together with interest from January 15, 1912, within a reasonable time, he will be entitled to the conveyance heretofore offered him. Such payment must be made within 20 days after service of copy of interlocutory judgment herein. Upon application, upon proof that plaintiff has not made such payment and accepted such deed, final judgment will be directed canceling the contract of December 28, 1911.

Defendant is entitled to costs.