SAMUEL ROUSE, Respondent, *v.* H. HALPER, INC., Appellant.

(Supreme Court, Appellate Term, First Department, April, 1917.)

Lease — landlord and tenant — negotiable instruments — Statute of Frauds — contracts — tender — trial.

> In an action upon a check given for the first month's rent of premises, under a letting for five years, it appeared that when plaintiff received the check he signed and gave to defendant's president a paper in the form of a receipt which stated the parties, the terms of the lease and the agreed rental. Later defendant's president refused to execute a lease tendered by plaintiff solely by reason of the high rate of insurance that would be imposed, on taking possession, for the transaction of defendant's business. *Held,* that assuming that the so-called receipt did not comply with the requirements of section 259 of the Real Property Law, the defense that there was no consideration for the check because the agreement for letting was not in writing had not been established and a judgment in favor of plaintiff should be affirmed.

Defendant having repudiated its agreement upon grounds for which plaintiff was in no way responsible, it was not necessary for plaintiff to make a formal tender of a lease at the trial.

APPEAL by defendant from judgment of the Municipal Court of the city of New York, borough of Manhattan, fifth district, in favor of plaintiff.

David L. Podell, for appellant.

Ralph V. Wechsler, for respondent.

GUY, J.   In this action by payee against drawer of check given for the first month's rent of premises under a letting thereof for five years the defendant pleaded no consideration because the agreement was void under the Statute of Frauds, also that the contract was induced by fraudulent representations on the part of the plaintiff.  The check was presented for payment to the bank upon which it was drawn; but the defendant had stopped payment.

There was a complete failure on defendant's part to establish the defense of fraud; so it is only necessary to consider the defense of no consideration in connection with the Statute of Frauds.

At the time plaintiff received the check he signed and gave to defendant's president a paper in the form of a receipt which stated the parties, the term of the lease and the agreed rental; it also contained a diagram of the property and stated that the covenants of the lease were to be " the usual term of the Gilsey form."   A form of lease was subsequently tendered by plaintiff to defendant's president for execution; but the latter refused to sign the paper on behalf of the defendant, not because he objected to any of the covenants contained in the proposed lease but solely by reason of the high rate of insurance that would be

imposed, on taking possession, for the transaction of defendant's business.

Assuming that the so-called receipt does not comply with the requirements of the statute (Real Prop. Law, § 259; 1 McAdam Landl. & Ten. [4th ed.] 189; *Sherry* v. *Proal,* 206 N. Y. 726), the defense of no consideration was not established.

In *Fleischman* v. *Plock,* 19 Misc. Rep. 649, an action on a check given by defendant as part consideration for the transfer of an interest in real property, this court reaffirmed the rule that money actually paid in advance by the vendee to the vendor under a verbal contract for the sale of lands cannot be recovered back upon the theory that the infirmity of the agreement worked a failure of consideration, where the vendor is prepared to perform; the attitude of the vendor, in so far as the statute affects it, is the same when he defends an action for the return of the purchase price as when he stands as a suitor upon the promise to pay; that in neither situation is he required to rely upon a contract in writing within the statute, since in each case the vendee, alleging a failure of consideration either for his case in chief or for defense to the instrument, has the burden of establishing the fact, and the presence of the consideration is made to appear in either aspect through the vendor's ability and readiness to perform the actual agreement, which the statute does not operate to render infirm except at an election, the right to which is abandoned by the only party possessing it. The right of a lessor of real property under the circumstances is the same as that of a vendor, because under the terms of the statute (Real Prop. Law, § 259) a contract for the leasing of real property for more than one year is coupled with an agreement for the sale of real property or of any interest therein.

The defendant having repudiated its agreement upon

the grounds for which the plaintiff was in no way responsible it was not necessary for the plaintiff to make a formal tender of a lease at the trial.

Judgment affirmed, with twenty-five dollars costs.

PHILBIN and MULLAN, JJ., concur.

Judgment affirmed, with costs.