GREENSPUN v. ROOS.

Civ. No. 2808.

District Court, E. D. New York.

Dec. 17, 1942.

Benjamin C. Ribman, of New York City (Robert L. Schwam, of New York City, on the brief), for plaintiff.

O'Connor & Farber, of New York City (Arnold T. Koch, of New York City, of counsel), for defendant.

GALSTON, District Judge.

This is a motion made pursuant to Rule 12(b) Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to dismiss the complaint for failure to state a claim upon which relief can be granted.

The complaint alleges that the plaintiff had entered into an option agreement with the Nagle Engine & Boiler Works, a Pennsylvania corporation, et al., to purchase certain tracts of land, together with the buildings thereon, machinery, equipment, etc., located in Erie, Pennsylvania. The plaintiff paid $1,000 on signing the agreement and within thirty days exercised the right of election granted therein by giving the seller written notice that he would purchase the property for $500,000. Subsequently, and before the expiration of that thirty day period, the plaintiff, on March 9, 1942, so he alleges, entered into an oral agreement with the defendant to sell, transfer and assign to the defendant all his right, title and interest in and to the option agreement, "and defendant agreed to purchase from plaintiff all of plaintiff's right, title and interest in and to * * * said option agreement"; and further the complaint alleges that the defendant (a) agreed to pay the consideration fixed by said op-

tion agreement, Exhibit A, to the parties of the first part therein mentioned, and to assume and perform all the terms and conditions of said option agreement on plaintiff's part to be performed; and (b) agreed to take title to said properties in the name of a corporation which was to be organized for that purpose, and which corporation was to take said title subject to the amounts advanced by defendant in acquiring said properties; and (c) agreed to cause said corporation, of which he was to be the majority stockholder, to issue to plaintiff twenty-five percent of the capital stock of said corporation; and (d) agreed to cause said corporation to employ plaintiff for a period of five years at a salary of $20,000 annually as the sole and exclusive selling and advertising agent of said corporation.

It is alleged that the plaintiff duly performed the terms and conditions of the agreement, but that the defendant breached the agreement in that though he took title to the properties, he has refused to transfer the title to a corporation as agreed and has refused to perform the other obligations undertaken by him.

In his bill of particulars, the plaintiff stated that the agreement between the parties was not in writing; that all of the terms and conditions of the agreement were described in the complaint; that the corporation's title to the properties "was to be made subject to the amounts advanced by the defendant by the corporation issuing its bond to be secured by a mortgage which was to be a lien against said properties, it being understood, however, that the principal amount thereof was to be payable to the defendant only at the time of the liquidation of the corporation's assets"; and moreover that plaintiff's employment was to commence as of the date on which defendant took title to said properties, and that "it was agreed that plaintiff would have the sole and exclusive right to designate and supervise the operation of sales and advertising of the products of said corporation through a central office in New York * * * for which services * * * plaintiff was to receive a compensation of $20,000 per year * * *."

Defendant urges various grounds of dismissal. He contends that the oral agreement is invalid under Sec. 31 of the Personal Property Law, Consol.Laws, c. 41, of the State because by its terms it was not to be performed within one year; that the agreement is invalid under Sec. 259 of the

Real Property Law, Consol.Laws, c. 50, because it involves the sale of real property or an interest therein; that it is void because its provisions for the issuance of stock are in violation of law; that the alleged agreement is not enforceable because its terms are not sufficiently definite and that it is unenforceable because it lacks mutuality.

■■ Discussing the grounds urged in the order stated, it must be observed first, that the oral agreement clearly is one which could have been performed within a year from the making, so far as the defendant was concerned; and in respect to any matter to be performed by the plaintiff under his contract, he too could have performed, and as alleged did perform, within that period of time. Indeed, the complaint alleges that the plaintiff duly performed all of the terms and conditions on his agreement with the defendant on his part to be performed. Of course, he could not have performed within one year if the consideration for the agreement was that he bind himself to give services to a corporation not yet organized for a period of five years. The oral agreement bound the defendant to procure such a contract of employment for him. It is that contract which, if made, would under the statute be required to be in writing to bind the plaintiff and such corporation.

Sec. 259 of the Real Property Law provides in part: "A contract for the leasing for a longer period than one year, or for the sale, of any real property, or an interest therein, is void, unless the contract * * * is in writing."

■■ Is the oral contract claimed by the plaintiff to have been made, a contract for the sale of any interest in real estate? What the plaintiff transferred was not as he contends his option to purchase property, but his agreement to purchase property, for the option agreement had been converted by his notice to the sellers into an agreement to buy property. That is to say, it ceased to be a mere privilege which the plaintiff enjoyed. He assumed an obligation when he gave the notice of his intention to exercise the option. It was that which he assigned to the defendant. As between plaintiff and defendant, the defendant assumed an obligation to complete the plaintiff's promise to pay the seller the purchase price. Was that a contract such as is contemplated by Sec. 259

of the Real Property Law? Authority for the plaintiff's position is found in Hahn v. Brettler, 50 Misc. 647, 98 N.Y.S. 607, which holds squarely that the sale of an interest in a contract for the sale of land is not within the statute of frauds and need not be in writing, citing Fleischman v. Plock, 19 Misc. 649, 44 N.Y.S. 413. In the case at bar, the defendant not only accepted the assignment of the plaintiff's rights in the contract which he had with the owner of the real property, but actually performed in accordance with the terms of that contract. So far as the plaintiff is concerned, all he had to do he did, by assigning the contract. The doctrine set forth in these two New York cases is the law of this case.

In passing it may be observed that the plaintiff also relies on Babcock v. Read, 99 N.Y. 609, 1 N.E. 141. That case had to do with the validity of an agreement to share in the profits or losses of a contemplated speculation in real estate. It was held that though the contract was not in writing it was nevertheless valid, citing Traphagen v. Burt, 67 N.Y. 30; also Coleman v. Eyre, 45 N.Y. 38, 39; Bissell v. Harrington, 18 Hun., N.Y., 81. Now, though the contract as alleged in the complaint herein does not in terms set forth an agreement to share profits in a real estate speculation, in principle there would seem to be nothing to distinguish the two classes of contracts.

■ Defendant's contention that the provision of the contract regarding the issuance to the plaintiff of 25% of the capital stock of the corporation to be organized is in violation of law also does not seem to be sound. The contract, as alleged, called upon the defendants to procure this stock from the corporation. It was no part of the plaintiff's undertaking to control the manner in which this was done nor the consideration to support its legal issuance.

■ Nor is the argument tenable that the alleged agreement between the parties lacks definiteness. It is true that the complaint in itself is indefinite in respect to how the new corporation is to be organized, but that is sought to be cured, and for the purposes of the motion must be deemed to have been amplified sufficiently by the data furnished in the bill of particulars.

The motion to dismiss must be denied. Settle order on notice.