EDWIN T. KENLON, Appellant, *v.* CLEMENT K. CORBIN et al.,
Respondents.

Third Department, November 15, 1944.

*Ellsworth Baker,* attorney for appellant.

*Cadwalader, Wickersham & Taft,* attorneys (*Walter Bruchhausen* of counsel), for respondent George Dayton.

*Paul Fromer,* attorney for respondents Clement K. Corbin and Horace K. Corbin.

HILL, P. J. Appeal from an order dismissing the complaint as to the defendants Corbin under rule 113 of the Rules of Civil Practice and from the judgment entered thereon; also from a like order as to the defendant Dayton and the judgment entered thereon.

The subject matter of this litigation is a tract of about one thousand acres of timber land located in Ulster County. Defendants Corbin on June 16, 1943, by an agreement in writing, contracted with one Kyle to convey the land to the latter in consideration of $22,000, payable $3,000 on the signing of the agreement and the remainder when the deed was to be delivered on or before July 20th of the same year. The first payment was made, but the transaction was never consummated by delivery of deeds or the payment of any further moneys to the Corbins, and on September 10th, after earlier remonstrances at the delay, they gave written notice to Kyle " that in view of the fact that you have not paid said balance, we herewith consider the contract rescinded and do rescind the contract this day, and shall hold you liable for any loss we may suffer due to the breach thereof." Kyle in writing acknowledges the receipt of the notice. Plaintiff's complaint pleads the making of the contract mentioned and that shortly thereafter Kyle, by an oral agreement, transferred it to plaintiff, who paid him $3,000; also that defendant Dayton made a verbal agreement with him to become his joint adventurer in the purchase, each to contribute equally to the purchase price.

The complaint was dismissed by the Special Term upon the ground that plaintiff's agreements with Kyle and Dayton were void under the Statute of Frauds. The respondents contend that the contract between Kyle and the Corbins having been rescinded because of Kyle's failure to carry out its terms and the agreements upon which Kenlon founds his causes of action being each void under the Statute of Frauds, an action may not be maintained thereon. The appellant's argument is that the defendants Corbin may not plead the Statute of Frauds as to agreements between Kyle and the plaintiff because they are not parties thereto, and only a party may plead that defense; and that defendant Dayton, being guilty of fraud against the plaintiff, may not use the statutory defense as a shield.

The Court of Appeals. (*Dung* v. *Parker*, 52 N. Y. 494) reaffirmed and announced the law under the Statute of Frauds in this class of cases: " A contract void by the statute is void for all purposes. It confers no right and creates no obligation as between the parties to it; and no claim can be founded upon it as against third persons. It cannot be enforced directly or indirectly. The plain intent of the statute is that no person shall be subjected to any liability upon an agreement * * * and that no right as against third persons can be built upon or be upheld by it. * * * It was claimed by the plaintiff that,

although the contract of purchase might be void as between the vendor and vendee, it was good as against the defendant, and that the action might be sustained independently of the statute; but it was held that the action was substantially based on the plainiff's title; and his title resting wholly on the verbal contract, it could not be maintained." This case has been cited with approval in the lower courts and also in the Court of Appeals. (*Subirana* v. *Munds*, 282 N. Y. 726, 728; *Belmar Contracting Co.* v. *State of New York*, 233 N. Y. 189, 194; *Hunt* v. *Hunt*, 171 N. Y. 396, 402.)

The orders and judgments should be affirmed.

BLISS, HEFFERNAN and BREWSTER, JJ., concur; FOSTER, J., taking no part.

Judgments and orders affirmed, with costs. [See 269 App. Div. 720.]