JACK SCHWARTZ et al., Plaintiffs, v. MEYER RAFF et al., Defendants.

Supreme Court, Special Term, Kings County, January 31, 1946.

*Harry Cohen* for defendants.

*Michael J. Halpern* for plaintiffs.

LOCKWOOD, J. Defendants move to dismiss the complaint in an action for specific performance, or, if performance cannot be had, for damages.

Plaintiffs allege that defendants Meyer and Esther Raff were the owners of certain premises in the borough of Brooklyn and that defendants " Doe " " had purchased said premises by a contract in writing from said Meyer and Esther Raff, but that title to said premises had not yet been conveyed."

That plaintiffs and defendants " Doe " and Mecke and Helman as agents, entered into an agreement under which plain-

tiffs agreed to purchase the premises for $9,750 of which $650 was to be paid upon the assignment of the contract.

That defendants Mecke and Helman refused said tender on behalf of the defendants " Doe ".

The basis of defendants' motion is the claim that an oral agreement to assign a written contract for the purchase of real property is void under section 259 of the Real Property Law.

Plaintiffs urge that an oral agreement to assign a written contract for the purchase of real property is not within the Statute of Frauds and cite *Greenspun* v. *Roos* (48 F. Supp. 281) and the authorities therein relied upon *Hann* v. *Brettler* (50 Misc. 647) and *Fleischman* v. *Plock* (19 Misc. 649).

In the *Greenspun* case (*supra*) plaintiff had a written contract to purchase real estate. Defendant agreed orally to take an assignment of plaintiff's contract to purchase, to form a corporation to take title to the property, to issue to plaintiff 25% of the corporate stock and to employ him for five years at $20,000 per year. Plaintiff fully performed by assigning the contract and defendant took title to the property but failed to fulfill the other provisions of the oral agreement. Defendant was not permitted to interpose the Statute of Frauds.

In the *Hann* case (*supra*) it was held by the Appellate Term that the sale of an interest in a contract for the sale of land is not within the Statute of Frauds.

The *Fleischman* case (*supra*) held that a check given for the price of an interest in land is not without consideration because the contract of sale could not be enforced against the vendor because of the Statute of Frauds.

Section 259 of the Real Property Law provides clearly that a contract for the sale of real property is void unless the contract or some note or memorandum thereof, expressing the consideration, is in writing, subscribed by the party to be charged or his lawful agent thereunto authorized in writing.

In *Kenlon* v. *Corbin* (268 App. Div. 318) defendant Corbin contracted in writing to convey land to Kyle, who upon payment of $3,000 agreed orally to transfer the contract to plaintiff. Kyle defaulted and plaintiff sought to enforce the contract against defendant Corbin. The complaint was dismissed upon the ground that plaintiff's agreement with Kyle was void under the Statute of Frauds and plaintiff could not enforce such contract against the vendor Corbin.

Motion to dismiss complaint granted.