RICHARD H. GLUCK et al., Plaintiffs, *v.* NEW AMSTERDAM ESTATES INC., et al., Defendants.

Supreme Court, Special Term, New York County, January 29, 1948.

*Reuben B. Shemitz* for plaintiffs.

*Sidney Roffman* for defendants.

MILLER, J. This is an action for a decree restraining the defendants from interfering with the consummation and performance of the alleged oral contract between the respective plaintiffs for the exchange of their respective apartments and from preventing the plaintiff Gluck from moving into the apartment leased to the plaintiff Cohen by defendants on September 18, 1947. The claim of the plaintiffs is based on the clause of the lease between defendants and the plaintiff Cohen reading as follows: " The tenant has the privilege of exchanging the apartment herein provided that the prospective tenant's checked references are satisfactory to the landlord."

The lease to the plaintiff Cohen is for the term of three years. Plaintiffs have no enforcible claim, as the alleged transfer of the apartment by the plaintiff Cohen to the plaintiff Gluck is not in writing. (See Real Property Law, §§ 242, 259; *Kenlon* v. *Corbin,* 268 App. Div. 318; *Dung* v. *Parker,* 52 N. Y. 494; *Subirana* v. *Munds,* 282 N. Y. 726; *Schwartz* v. *Raff,* 186 Misc. 935.)

In *Kenton* v. *Corbin* (*supra,* p. 319) the court stated: " The Court of Appeals (*Dung* v. *Parker,* 52 N. Y. 494) reaffirmed and announced the law under the Statute of Frauds in this class of cases: ' A contract void by the statute is void for all purposes. It confers no right and creates no obligation as between the parties to it; and none can be founded upon it as against third persons. It cannot be enforced directly or indirectly. The plain intent of the statute is that no person shall be subjected to any liability upon an agreement * * * and that no right as against third persons can be built upon or be upheld by it. * * * It was claimed by the plaintiff that, although the contract of purchase might be void as between the vendor and vendee, it was good as against the defendant, and that the action might be sustained independently of the statute; but it was held that the action was substantially based on the plaintiff's title; and his title resting wholly on the verbal contract, it could not be maintained.' "

The clause of the lease in question was intended to permit the plaintiff Cohen to exchange the demised apartment for another apartment which *he* was to occupy continuously as a home instead of the apartment occupied by him under the lease. It was not contemplated by the parties that the clause permitting the exchange of the apartments should include the obtaining of another apartment for the mother of the plaintiff Cohen. All that was contemplated by the lease was the privilege of exchanging the apartment for another apartment to be occupied by the plaintiff Cohen himself.

The lease containing the clause with reference to giving the tenant the privilege of exchanging the demised apartment would not have been made by the landlord had it known that the plaintiff had purchased prior to the execution of the lease a home for use by himself and his immediate family. Moreover, the covenant contained in the lease permitting an exchange of the apartment, was obtained through concealment by the plaintiff Cohen that he had purchased a one-family home and had in fact no need for another apartment for his own use.

The plaintiff Cohen continues in possession of the demised apartment and of the home purchased by him prior to the execution of the lease. The plaintiff Gluck also continues in possession of the rooms in the Brewster Hotel which he occupied at the time of the alleged agreement of exchange.

Under all the circumstances, the plaintiffs are not entitled to equitable relief. Judgment is therefore directed for the defendants dismissing the complaint on the merits. Exception to plaintiffs. No facts sufficient to entitle the defendants to a reformation or cancellation of the lease have been shown. The counterclaim for reformation and cancellation of the lease is also dismissed on the merits. Exception to defendants. Submit findings of fact and conclusions of law within five days on two days' notice.