Judge Owsley
delivered the Opinion of the Court.
Wi-iitnell and Bigham brought an action at law against Lewis and M’Laughlin, and declared in assumpsit, for five hundred dollars, before that time had and received by M’Laughlin and Lewis, to the use of Whitnell and Bigham.
A trial \Vas had On the general issue, and verdict of four hundred and ninety-six dollars, found by the jury, in favor of Whitnell and Bigham. A new trial was then moved for by M’Laughlin and Lewis, but the motion was overruled by the court, and judgment rendered in conformity with the verdict. Exceptions were taken to the opinion of the court, and all the evidence given on the trial, spread upon the record,
The motion for a new trial, was made on the ground of the verdict being contrary to law and evidence; and the only question now to be deter-. mined, is, ought a hew trial to have been granted?
It was proved, that on the 28th day of June, 1819, Whitnell and Bigham executed and delivered to M’Laughlin and Lewis, three promissory notes; one for $133 1-3 payable within six months; another for the same amount, payable within twelve months; and a third for a like sum, payable within eighteen months; and that these notes were given by Whitnell and Bigham, to M’Laughlin and Lewis, in consideration of a lot of ground, sold by the tw© *191 latter, to the tryo former, by whom the money has since been paid. These are the only facts which the evidence conduced in any degree to prove, and up? on which the verdict was found by the jury; but which, in our opinion, are altogether insufficient' to sustain the verdict.
Vendee pf land by parol contract cannot recover back the con? sideration money, without shewing the vendqfceis either unable or unwilling to make the title.
The bill of exceptions, it is true, states that there Was no evidence introduced, going to prove, that the lot of ground for which the notes were executr ed, has been conveyed, or that any note or memorandum in writing for a conveyance was ever made; hut were we at liberty, in the absence of proof upon the subject, .to presume the sale of the lot to have been by parol, and that it has never been conveyed, still it would not follow, that in point of law, the jury were correct in finding a' verdict against M’Laughlin and Lewis. If in truth, there he np writing by which the terms of sale can be proved, it is, no doubt, in the power of M’Laughlin and Lewis to resjst successfully any effort, which might he made by Whitnell and Bigham, to obtain a conveyance of the title to the lot; and had the evidence, which was introduced on the trial, went further, and proved a refusal by them to make the title, or an inability on their part to do so, there would certainly he great justice in the claim of Whitnell and Bigham, for a return of the money which they have paid for the lot. But the record, though it purports to give all the evidence, contains nothing from which the jury could possibly infer, either an. inability, or unwillingness on the part of M’Laughlin and Lewis, to perform whatever by the contract of sale, they undertook to perform. The money, to recover vvhich, this action was brought, is proved to have been paid by Whitnell and Bigham, under a contract for a lot of ground, and that lot is proved not to have been conveyed to them by M’Laughlin and Lewis, and it is possible, though the fact is not proved, that the terms of the sale of the lot, were not reduced to writing, so as to enable Whitnell and Bigham, by suit, to coerce a conveyance; but all this may be true, and yet nothing may have been done by M’Laughlin and Lewis, to create an obliga *192 tion, either in law or conscience, to restore the money which they have received for the lot.
such'case be able and willing to per-tract it C°n" seems he may do it. '
Crittenden, for plaintiffs.
They may not only have the indisputable title to the lot, but moreover may be ready, willing and desirous, to make the conveyance in strict conformity with their undertaking; and if such be the case, as we must, in the absence of proof tp the contrary, presume ^ tp be, there is evidently no foundation for the claim set up by Whitnelj and Bjgham, either at law p r in equity.
A new trial ought, therefore, to have been awarded. The judgment must consequently be reversed, with cost, the cause remanded to the court below, the verdict of the jury set aside, and further proceedings there had not inconsistent with the principles of this opinion.

Chief Justice Bibb did not sit in this cause.