DAVID SCHAEFER, Respondent, *v.* ADAM STEUERNAGEL, Appellant.

(Supreme Court, Appellate Term, First Department, February Term — Filed March, 1921.)

Vendor and purchaser — contract for sale of real estate — when vendee cannot recover down payment — evidence — trial — Real Property Law, § 259.

Under section 259 of the Real Property Law the vendee is not required to sign a contract for the sale of realty.   (P. 548.)

Where a contract for the sale of realty was not signed by the vendee, he may not, in an action on the contract, to which the Statute of Frauds might be pleaded in bar, recover his down payment on the purchase price, unless the failure to perform the contract is ascribable to the vendor.   (Pp. 548, 549.)

The trial court, upon the sole ground that the contract did not bind the plaintiff because he had not signed it, refused on objection of plaintiff's counsel to receive the contract in evidence, and for the same reason gave judgment in favor of plaintiff. All offers of testimony by defendant tending to

show that he had acted in good faith and was at all material times ready, willing and able to complete the transaction, were excluded on the ground of immateriality. *Held,* that the view taken by the trial court was erroneous, and that as plaintiff had not made out a *prima facie* case the testimony excluded, though not necessary at the time offered, was very material, and the judgment must be reversed and a new trial ordered.

APPEAL by defendant from a judgment of the Municipal Court of the city of New York, borough of Bronx, second district, in favor of plaintiff, after trial by the court without a jury.

Peter Klein, for appellant.

Solomon Goodman, for respondent.

MULLAN, J.  The parties were negotiating for the sale by defendant to plaintiff of a parcel of improved realty.  They came, wholly orally, to an agreement, and plaintiff made a down payment of $200 on account of the purchase price.  According to arrangement, they met on a later day at the office of defendant's attorney.  Some slight readjustments of terms were agreed to, and then a new question arose, involving a chandelier valued by the parties at $15, and defendant agreed to plaintiff's demand as to that.  A written contract was thereupon prepared, and it was signed by the defendant and his wife, but although it would seem — we purposely refrain from so deciding, however — that the minds of the parties met as to all essential particulars, the plaintiff refused to sign and then and thereafter refused to go forward with the matter.  Whether the written instrument signed by the defendant correctly embodied the terms agreed upon does not appear, as the learned trial justice refused, upon an objection of plaintiff's counsel, to admit it in evidence, upon the stated ground

that it did not bind the plaintiff for the reason that he did not sign it; and it was for the same reason, and that alone, that he gave judgment to plaintiff for the amount of his down payment.

The signature of a vendee of realty is not required to give validity to a contract for its sale; it is only the vendor who must sign. Real Prop. Law, § 259; *Quinto* v. *Alexander,* 123 App. Div. 1. But, as the record stands, the question cannot be decided, whether an enforceable contract was made by the signed writing on the part of the defendant and a reciprocal oral engagement on the part of the plaintiff. The plaintiff's theory upon the trial seems to have been that merely because he did not sign the agreement, he was entitled to recover back his earnest money. That, at least, was the sole consideration moving the trial justice to award judgment for the plaintiff. Plaintiff's counsel did, indeed, seem to think that it was open to him to show that the minds of the parties did not meet, but the testimony on this head was meagre, and of a merely casual and incidental character, and the matter was not seriously gone into, possibly because of the position consistently held by the learned trial justice that, regardless of any other consideration, the plaintiff must recover because he had not signed an agreement. The informal complaint was for " money had and received. Payment demanded and refused," and the answer was a general denial. Whatever plaintiff's original theory may have been, his theory during the trial seems to have been that upon proof of a failure on his part to sign, and upon that alone, he was entitled to his earnest money. That was a misconception. Assuming, as plaintiff did, that the agreement was unenforceable because of a noncompliance with the realty Statute of Frauds, that of itself did not entitle him to a return of his payment on

account. A vendee who has paid money on account of a contract that cannot be enforced because of the Statute of Frauds, may recover back his down payment only if the failure to perform is ascribable to the vendor. Although he cannot successfully sue upon the contract, he is entitled to a return of the money he has paid, provided, however, that the failure of the transaction to ripen into a grant does not lie at his own door. *Abbott* v. *Draper,* 4 Den. 51; *Collier* v. *Coates,* 17 Barb. 471; *Graham* v. *Healy,* 154 App. Div. 76; *Fleischman* v. *Plock,* 19 Misc. Rep. 649; L. R. A. 1916 (D) 468 *et seq.* The principle to be drawn from the cases is that a vendee who has a contract for the sale of realty against which the Statute of Frauds may be set up as a bar, has been impliedly promised by the vendor that the latter will return to the vendee such moneys as have been paid by him on account in case the vendor is unwilling or unable to perform. It would seem to follow that the burden is upon the vendee of showing that the fault was not his, and that it was the vendor who was either unwilling or unable to perform. As was said by Bronson, Ch. J., in *Abbott* v. *Draper, supra:* " When the vendor refuses to go on with the contract, or has parted with his title so that he cannot perform, he is then in the wrong; and having himself put an end to the contract, there is no longer any consideration for the payments which have been made under it; and the law will imply a promise to restore the money. But how can the law imply a promise to refund the money so long as the vendor is not in default? The payment was a voluntary one, made with the full knowledge of all the facts. Every time a payment was made and received, the parties virtually said, although the law will not enforce this contract, we will go on and carry it into effect. The money is not received as a loan; but as a payment;

Appellate Term, First Department, March, 1921 [Vol. 114.

and so long as the vendor is able and willing to perform the contract on his part, he holds the money as owner, and not as a debtor. The consideration upon which the money was paid has not failed; and there is nothing from which a promise to repay can be justly implied.'' And that the burden of putting the vendor in the wrong is upon the vendee in such a case as this, has been expressly held in other jurisdictions. *Laffey v. Kaufman,* 134 Cal. 391; *Lewis* v. *Whitnell,* 21 Ky. 190; *Cave* v. *Osborne,* 193 Mass. 482.

The vendor in the case at bar assumed a burden that was not properly his. He made numerous attempts to show that he had acted in good faith, and was at all material times ready, willing and able to carry the transaction through to completion, thus putting the plaintiff in the wrong, but the court ruled that the proofs were immaterial, and excluded them. They were very material in their nature, but they were unnecessary at that stage, for the plaintiff had failed to make his own essential *prima facie* proofs upon the subject. Had the case been tried upon the proper theory, we should feel called upon to dismiss the complaint, but as the erroneous view of the trial court may very possibly have misled the plaintiff's counsel, we have decided to send the case back for a new trial.

LEHMAN and BURR, JJ., concur.

Judgment reversed, new trial ordered, with thirty dollars costs to appellant to abide event.