WOLDMAN v. RAPID TRANSIT LAND SALES CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 9220.   Decided Oct. 22, 1923.

First Publication of This Opinion.

Syllabus by Editorial Staff.

CONTRACTS—Real Estate.   (510 C3)
(150 E)   Earnest money need not be returned by prospective vendor where issue of damages is properly raised, and evidence shows damages, for breach of contract, in amount which exceeds amount of earnest money deposited.

ERROR PROCEEDINGS.
(260 W)   Case having been tried to court, and questions of fact fully and fairly submitted, reviewing court, on question of weight of evidence, bound by same rules as though case had been tried to jury.

Error to Municipal Court.
Judgment affirmed.

Albert A. Woldman, Cleveland, for Woldman.

Wilkin, Cross & Daoust, Cleveland, for Rapid Transit Land Sales Co.

## STATEMENT OF FACTS.

This cause is here on error from the Municipal Court of Cleveland and it is sought to reverse the judgment of that court on the ground that the court erred in not rendering judgment for $1,000.00 in favor of the plaintiff and the basis of the claim is that in a certain real estate transaction the plaintiff, et al, deposited as earnest money to bind the agreement the sum of, $1,000.00, and the return of it is demanded on the ground that defendant, The Rapid Transit Land Sales Co., either refused or was unable to carry out the provisions of the contract with relation to the real estate deal.

## SULLIVAN, PJ.

Certain decisions of this court are cited, as bearing out the plaintiff's legal contention that because of the failure of the deal they were entitled to the return of the deposit of $1,000.00 but on an examination of those cases we find that they are distinguished from the case at bar for the reason that it did not appear by the evidence in the cases cited as authority, that upon a claim for damages because of breach of contract, evidence was submitted which tends to show that the damage for failure to conform to the provisions of the contract not only equals but exceeds the amount of the deposit and this leaves the issue as to the instant case essentially one which bears upon the question as to whether the judgment of the lower court is clearly and manifestly against the weight of the evidence.

The issue of damages was raised and it became competent to offer evidence upon that question and this involved the determination of the question as to who was at fault for the failure of the contract to proceed to its consummation, and this specifically involves the question as to whether the plaintiff is entitled to the return of his money.

This cause was tried to the court and this question of fact was fully and fairly submitted to that tribunal, and we are bound under these rules of law to consider that even though the court itself tried the issues that we determine the question as if the facts were submitted to a jury. There is credible evidence in the record to support the claim of defendant that it was ready, able and willing to proceed to comply with the provisions of the entire contract and tending to show in addition that under the terms of the contract there was no breach. It is true that there is a conflict in the evidence but a reviewing court cannot reverse the judgment of the court below simply because there is a conflict in the evidence.

Painesville Utopia Theater Co. v. Lautermilch, 118 OS. 167.

In the case of Colton v. Bunowitz, 8346, reported in 6 Ohio Law Abstract 8, January 7, 1928, there was no cross demand filed by plaintiff and while it was decided in that case that earnest money may be returned where a deal falls through, yet the party claiming the money cannot arbitrarily be a judge or jury, and the question of damages must be ascertained and whatever the defendant suffered he is entitled to by way of set-off, if the issue is properly raised as in the instant case, by a statement of defense which alleges that the damages far exceeded the sum of $1,000.00.

In the case of Sachs v. Friedman, reported in the 2nd Ohio Law Abstract, 219, 31 Unreported Decisions, 182 and known as opinion No. 4720 of the 8th District Court of Appeals, we note that in that case as well as the Bunowitz supra, that the issue of damages was not raised by way of cross-petition or by way of any defense which properly raised the issue and we find the same condition existing in Hoffman v. Roth, decided Dec. 7, 1925, and reported in 35 Unreported Opinions 509 and known as Opinion 6727.

Therefore we hold that these cases cited do not apply to the present case because the defendant properly raised the issue of damages and offered evidence of a credible nature tending to prove the excess in damages of the amount claimed with respect to the earnest money and therefore we are bound by the ruling of the court that where two opinions are derivable from the record in the case, that only a question of fact remains and if there is any credible evidence to support the judgment it is error for the reviewing court to reverse the judgment.

Holding these views, the judgment of the lower court is hereby affirmed.

(Vickery and Levine, JJ., concur.)