MASSARO, APPELLEE, *v.* BASHARA, APPELLANT.

(No. 3442—Decided November 19, 1951.)

*Mr. R. R. Thombs,* for appellee.
*Mr. Russell G. Mock,* for appellant.

CONN, J.   Plaintiff brought an action in the Common Pleas Court to recover a judgment against defendant for $1,000, interest and costs.   It appears that defendant had entered into negotiations with plaintiff

for the sale of a dwelling house on Euclid boulevard in the city of Youngstown, which defendant then had under construction and which was nearly completed, and that plaintiff had deposited with defendant the sum of $1,000 for which defendant issued his receipt.

The cause of action pleaded in plaintiff's petition is one in assumpsit or debt for money had and received. To this petition, defendant filed an amended answer and cross-petition wherein he admits receiving from plaintiff the sum of $1,000, which he avers was a part payment on a dwelling house and that he was ready, willing and able at all times to complete the contract of sale but that plaintiff refused to do so.

In the cross-petition, defendant alleges that he was damaged in the sum of $1,035 by reason of plaintiff's refusal to complete the purchase of the property. These affirmative allegations of defendant are denied in the reply and plaintiff avers that if it should be determined there was an oral contract between the parties, such contract was within the statute of frauds and unenforcible.

It is admitted in the pleadings or shown by the evidence that at the time of the negotiations the construction work was nearly completed; that the receipt given plaintiff upon the payment of $1,000 recited that it was "to apply on house on Euclid avenue. Bal. as per arrangement"; that plaintiff could select the lighting fixtures and linoleum for the kitchen; that plaintiff made application for a loan at a local bank, which later was approved but was not completed by plaintiff; that defendant finished the construction of the house; and that about three months later plaintiff demanded the return of the money he had paid defendant.

Throughout the proceedings, plaintiff claimed that he and defendant had not entered into any agreement for the purchase of such property, for the reason that

when he deposited the money he had reserved the right to have the deposit returned to him if later he elected not to complete the purchase of the property. This claim was controverted by defendant and defendant's evidence tended to show that he was ready, able and willing to complete the sale. Defendant also introduced evidence tending to establish his claim for damages under his cross-petition.

At the conclusion of all the evidence the court sustained a motion of plaintiff to direct a verdict in his favor on the cross-petition. The court thereupon stated for the record that "the case will then go to the jury on the issue of whether there was a contract or not, and, if there was, who breached it, plaintiff or defendant, which the court will, elaborate in the charge, of course."

The jury returned a verdict for plaintiff for the full amount of the deposit, with interest. Judgment was entered on the verdict.

Defendant appeals on questions of law. The errors relied on include the following: Directing a verdict in favor of plaintiff on defendant's cross-petition and striking same from the record; error in forms of verdict submitted to the jury; error in the general charge; and that the judgment is against the manifest weight of the evidence and contrary to law.

We will consider first the alleged error in directing a verdict in favor of plaintiff on defendant's cross-petition. The trial court adopted the view of the plaintiff that the claim in the cross-petition of defendant was barred by the statute of frauds (Section 8621, General Code), for the reason that the claim grew out of an oral contract for the sale of real estate and as such was unenforcible.

As already pointed out, plaintiff's action appears to be one for money had and received, and his right to recover the money deposited with defendant is

grounded on the claim that there was no subsisting contract between him and the defendant. Under these circumstances, the defendant could not refuse the return of the amount of the deposit, as such refusal would result in his unjust enrichment. *Hummel, Sr.,* v. *Hummel,* 133 Ohio St., 520, 14 N. E. (2d), 923.

If the contract between the parties were within the statute of frauds and, therefore, unenforcible, it is clear that plaintiff would not have the legal right to relief thereon and neither would the defendant be entitled to any relief had he brought an action on the contract for specific performance, or if he sought such relief on his cross-petition in an action brought by plaintiff. However, plaintiff does not predicate his action on a contract within the statute of frauds, as the allegations in his petition clearly disclose. *Middleport Woolen Mills Co.* v. *Titus,* 35 Ohio St., 253; *Swee* v. *Bregenzer,* 19 C. C. (N. S.), 563, 32 C. D., 554.

The answer and cross-petition of defendant raised issues of fact. Had the plaintiff the right to the return of the deposit or, putting it the other way, was the defendant ready, willing and able to perform? There was sharp conflict in the evidence. On defendant's cross-petition, the further issue of damages sustained by him was raised by reason of the alleged default of plaintiff to perform his contract.

The issues raised on the pleadings were clearly outlined in the court's general charge to the jury. Briefly stated, the court instructed the jury that if it found there was no agreement between the parties whereby plaintiff agreed to purchase this dwelling house, then plaintiff would be entitled to receive his money back. On the other hand, if the jury found there was a contract between the parties to purchase this property and the $1,000 was paid as partial payment on the purchase price and the jury found further defendant

was at all times ready, willing and able to complete the contract and carry it out, then plaintiff can not recover and the verdict should be for the defendant. These instructions given by the court followed the general rule as appears by the reported cases. We cite the following authorities: *Galagher* v. *Dettelbach*, 24 C. C. (N. S.), 347, 34 C. D., 623; 19 Ohio Jurisprudence, 665, Section 159; 169 A. L. R., 187, 188; 49 American Jurisprudence, 868, Section 564; *Schaefer* v. *Steuernagle*, 114 Misc., 546, 187 N. Y. Supp., 261.

Plaintiff was obliged to resort to parol evidence to support his claim on the petition that he had not entered into any contract with defendant. On the other hand, plaintiff seeks the protection of the statute on the issues raised on the cross-petition. His defense is necessarily predicated on a contract. In sustaining this defense, plaintiff was permitted to assume inconsistent positions in relation to the same subject matter. Under some authorities, where recovery is sought on the ground there was no contract, as in the instant case, plaintiff waives the protection of the statute. 37 Corpus Juris Secundum, 748, Section 246.

Section 11315, General Code, gives the defendant the right to "set forth in his answer as many grounds of defense, counterclaim as he may have * * *."

Section 11317, General Code, defines a counterclaim as follows:

"A counterclaim is a cause of action existing in favor of one or more defendants against one or more plaintiffs or one or more defendants, or both, between whom a several judgment might be had in the action, and arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, or connected with the subject of the action or arising out of contract or ascertained by the decision of a court.

"Such counterclaim shall not be limited to the amount claimed by the plaintiff or defendant against whom such counterclaim is asserted."

It is the opinion of the writer that the issues raised on the cross-petition of defendant are well within the provisions of the above statutes; that is to say, if the defendant's evidence sustained his claim, it is clear the alleged damages would be a counterclaim against plaintiff as they arose out of the transaction set forth in the petition, but any amount recoverable would be offset by the deposit made by plaintiff.

The related case law in Ohio is meager. We call attention to the case of *Woldman* v. *Rapid Transit Land Sales Co.* (Ohio App., 1928), 6 Ohio Law Abs., 685, wherein the issue of damages was raised on defendant's cross-petition. The court held that the issue of damages should have been determined and whatever damages defendant suffered were a proper setoff against plaintiff's claim. In that case it does not appear whether the contract was oral or written. However, the court points out that damages are not recoverable in the absence of a cross-petition setting up such cross-demand. See, also, *Galagher* v. *Dettelbach, supra.*

In 36 Ohio Jurisprudence, 584, Section 97, the writer discusses the court's duty to hear and determine issues in relation to counterclaim, and says:

"Where the allegations in the answer and proof offered in their support come within the express terms, and also within the spirit, of the statutes relating to setoff and counterclaim, it is the court's duty to hear and determine such claims, and failure to do so is reversible error."

Defendant having set up his cross-demand and having tendered credible evidence to support it, directing a verdict in favor of plaintiff on defendant's cross-petition was error and prejudicial to defendant.

The remaining errors have been considered and it is our opinion that they are not well taken and should not be sustained.

The judgment is reversed and cause remanded for a new trial.

*Judgment reversed.*

FESS and SAVORD, JJ., concurring. Plaintiff brought his action in assumpsit for money had and received under the principle of "unjust enrichment." Although the action is an "action at law" it is equitable in its nature, liberal in form, and is to be determined by the application of equitable principles. Plaintiff contends that the deposit of $1,000 evidenced by the receipt was made on condition that it be returned in the event plaintiff elected not to purchase the property. Defendant contends that the deposit was a down payment—earnest money—upon the purchase of the property and that within a reasonable time thereafter defendant was ready, able and willing to convey the property to plaintiff. In his cross-petition defendant claims damages in the sum of $1,035 by reason of plaintiff's breach of the alleged contract to purchase the property. Although plaintiff was permitted to establish his claim of the deposit of the money incident to negotiations for the purchase of the property, defendant was denied the right to orally establish his cross-petition for damages by reason of the statute of frauds.

The statute does not make a parol contract for the sale of land void. By withholding a right of action upon it, it simply makes it voidable at the will of either of the parties. But neither party can be compelled to ignore considerations of equity, of good faith, and moral obligations which may arise from such parol contract, and to avoid it by pleading the statute of frauds. *Lefferson* v. *Dallas*, 20 Ohio St., 68, 74. In

*Sites* v. *Keller,* 6 Ohio, 483, the court holds that upon a parol contract for the sale of land, the mere payment of the consideration does not take the case out of the statute of frauds, and draws the distinction that "after such acts of performance as possession or improvements, to rescind the contract would not restore the parties to their original situation; but full compensation for the payment of the purchase money is made by the restoration of principal and interest." In other words, the court recognizes the right of the vendee to recover the purchase price paid under an oral contract to buy land. This is in accord with the general rule that payments made under a contract unenforcible by reason of the statute of frauds may be recovered back where the other party sets up the statute and declines to perform, or where the contract is mutually abandoned. 37 Corpus Juris Secundum, 778. If a purchaser may recover earnest money paid, when proof of the agreement is barred by the statute of frauds upon the principle of unjust enrichment, the vendor by way of cross-petition upon equitable principles should be permitted to prove by oral testimony such damage as he may have suffered as a result of the transaction. The same principle should apply to the circumstances presented in the instant case where the plaintiff contends there was no agreement on his part to purchase the property and the defendant claims there was such an agreement.

Since defendant's claim for damages set forth in his cross-petition arises out of the same transaction set forth in the petition as the foundation of plaintiff's claim, defendant was entitled to have his claim under the cross-petition submitted to the jury for determination, and the court committed error prejudicial to the defendant in dismissing the cross-petition.

Fess, Conn and Savord, JJ., of the Sixth Appellate District, sitting by designation in the Seventh Appellate District.